Joshua H. Haffner, Esq. SBN 188652
jhh@haffnerlawyers.com
Alfredo Torrijos, SBN 222458
at@haffnerlawyers.com
Vahan Mikayelyan, Esq. SBN 337023
vh@haffnerlawyers.com
**HAFFNER LAW PC**
15260 Ventura Blvd., Suite 1520
Sherman Oaks, California 91403
Tel: (213) 514-5681
Fax: (213) 514-5682

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS HERNANDEZ, individually and as representative of a class of participants and beneficiaries and on behalf of the AT&T Retirement Savings Plan,<br><br>Plaintiff,<br><br>v.<br><br>AT&T SERVICES, INC.; and DOES 1-10, inclusive<br><br>Defendants. | CASE NO.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**(1) BREACH OF FIDUCIARY DUTY, 29 U.S.C. §1104(a);**<br><br>**(2) BREACH OF ERISA'S ANTI-INUREMENT PROVISION, 29 U.S.C. §1103(c)(1);**<br><br>**(3) BREACH OF ERISA'S PROHIBITED TRANSACTIONS, 29 U.S.C. § 1106(a)(1) and (b)(1); AND**<br><br>**(4) FAILURE TO MONITOR FIDUCIARIES.**<br><br>**[DEMAND FOR TRIAL BY JURY]** |

-1-

**CLASS ACTION COMPLAINT**

Plaintiff Luis Hernandez, individually and as representative of a class of participants and beneficiaries and on behalf of the AT&T Retirement Savings Plan ("Plaintiff"), alleges based upon information and belief as follows:

## NATURE OF ACTION

1. This action arises out of Defendant AT&T Services, Inc.'s ("Defendant"), wrongful use of assets in their employees' 401k retirement plan. As set forth herein, Defendants used forfeited plan assets to reduce employer contribution obligations, rather than for the benefit of plan participants, in violation of the Employment Retirement Income Security Act ("ERISA") and Defendant's fiduciary responsibilities. In this action, Plaintiff seeks damages in connection with Defendant's wrongful conduct in misusing forfeited Plan assets for its own benefit.

## JURISDICTION AND VENUE

2. This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed by ERISA. Subject matter jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

3. The Court has personal jurisdiction over Defendants because ERISA provides for nationwide service of process, and each defendant has minimum contacts with the United States. See 29 U.S.C. § 1132(e)(2).

4. The claims of Plaintiffs and the putative class arise out of the Plan issued, administered, and/or implemented in this District. Moreover, Plaintiffs reside in this District. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. §1132(e)(2) (setting forth special venue rules applicable to ERISA actions).

## PARTIES

5. Plaintiff Luis Hernandez is an individual who, during the relevant period resided in Los Angeles, California. Plaintiff was at all relevant times participating in the Plan at issue.

6.     The AT&T Retirement Savings Plan (the "Plan") is a defined contribution, individual account, employee pension benefit plan under 29 U.S.C. §1002(2)(A) and § 1002(34) and is subject to the provisions of ERISA pursuant to 29 U.S.C. § 1003(a)

7.     Plaintiff is informed and believes, and on that basis alleges, that Defendant AT&T Services, Inc. is a company, authorized to conduct and is actually conducting business in the State of California, and acts as the Plan Administrator.

8.     Defendants exercised discretionary authority and/or control over the management and/or administration of the Plan, and are fiduciaries of the Plan, including pursuant to 29 U.S.C. §1002(21)(A).

9.     Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein under the fictitious names Does 1 through 10, inclusive, and therefore sue such defendants by such fictitious names.  Plaintiffs will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named defendants when their true names and capacities have been ascertained.  Plaintiffs are informed and believe and thereon alleges that each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by the Class.

10.    Plaintiff is informed and believes and thereon alleges that all defendants, including the fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent authorization and ratification of their co-defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with other allegations.

# FACTUAL ALLEGATIONS

11. The assets of the Plan are held in a trust fund pursuant to 29 U.S.C. §1103(a).

12. The Plan is funded by a combination of employee/participant contributions (usually paid through wage withholdings) and employer contributions, which are deposited into the Plan's trust fund. Once deposited into the Plan's trust fund, all employee/participant and employer contributions become assets of the Plan.

13. Participants in the Plan immediately vest in their own contributions, and earnings on their contributions. Plaintiff is informed and believes, and on that basis alleges, that participants vest in the employer contributions after 3 years of service.

14. Participants who have a break in service prior to full vesting of employer contributions, forfeit the balance of unvested employer contributions, and Defendants exercise control over how these Plan assets are thereafter allocated.

15. Plaintiff is informed and believes, and on that basis alleges, that as part of a wrongful pattern and practice, Defendants have wrongfully and consistently used forfeited nonvested plan assets for its own benefit, to reduce future employer contributions, rather than for the benefit of Plan participants. Defendant's use of Plan forfeited assets to offset its employer contributions violates ERISA statues, including but not limited to, 29 U.S.C. §§1103(c)(1), 1104(a)(1), and 1106.

16. Plaintiff is informed and believes, and on that basis alleges, that the Plan provides discretion for Defendants to use forfeited assets for the benefit of Plan participants, including by paying expenses, but Defendant has elected to benefit itself instead, by using forfeited Plan assets to offset future employer contributions.

17. Defendants Form 5500 for 2021 states that there were 10,952 Plan "participants who terminated employment during the plan year with accrued

1 | benefits that were less than 100% vested ." Defendant's Form 5500 statement for 2021 states "all expenses incident to the administration and operation of the Plans are charged to participants."

18.  Defendants Form 5500 for 2022 states that there were 9,622 Plan "participants who terminated employment during the plan year with accrued benefits that were less than 100% vested ." Defendant's Form 5500 statement for 2021 states "all expenses incident to the administration and operation of the Plans are charged to participants."

19.  Defendants Form 5500 for 2023 states that there were 7,642 Plan "participants who terminated employment during the plan year with accrued benefits that were less than 100% vested ." Defendant's Form 5500 statement for 2021 states "all expenses incident to the administration and operation of the Plans are charged to participants."

20.  Plaintiff is informed and believes, and on that basis alleges, that during the period at issue in this case, Defendant wrongfully used millions of dollars in forfeited Plan assets to offset employer contributions, instead of using it for the benefit of participant by, among other things, paying administrative expenses charged to participants.

21.  Defendants' allocation of forfeited fund assets to reduce its own employer contributions benefitted Defendants, but harmed the Plan and participants in the Plan, by reducing Plan assets, and/or by causing participants to incur expenses that could otherwise have been covered in whole or in part by forfeited funds.

22.  By choosing to use forfeited Plan assets to benefit itself and not the Plan or the Plan's participants, Defendants have placed its own interests above the interests of the Plan and its participants

— 5 —
**COMPLAINT**

## CLASS ACTION ALLEGATIONS

23. Plaintiff bring this action on behalf of herself and all others similarly situated as a Class Action pursuant to Federal Rules of Civil Procedure Rule 23. Pursuant to Rule 23(b)(1) and (b)(2), Plaintiffs seek certification of a class defined as follows:

> All participants and beneficiaries of AT&T Retirement Savings Plan, who participated in the plan at anytime within the longest statute of limitations for each claim pled, excluding Defendants and members of the Committees.

24. Plaintiffs and the Class reserve the right under Federal Rule of Civil Procedure Rule 23(c)(l)(C) to amend or modify the class to include greater specificity, by further division into subclasses, or by limitation to particular issues.

25. This action has been brought and may be properly maintained as a class action under the provisions of Federal Rules of Civil Procedure Rule 23 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

### A. Numerosity

26. The potential members of the proposed class as defined are so numerous that joinder of all the members of the proposed class is impracticable. While the precise number of proposed class members has not been determined at this time, Plaintiff is informed and believes that there are a substantial number of participants and beneficiaries Plan who have been similarly affected.

### B. Commonality

27. Common questions of law and fact exist as to all members of the proposed class.

**C. Typicality**

28.  The claims of the named Plaintiff is typical of the claims of the proposed class. Plaintiff and all members of the class are similarly affected by Defendants' wrongful conduct.

**D. Adequacy of representation**

29.  Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed class. Counsel who represent Plaintiff are competent and experienced in litigating large and complex class actions.

**E. Superiority of class action**

30.  A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individual joinder of all members of the proposed Class is not practicable, and common questions of law and fact exist as to all class members.

31.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**F. Rule 23(b) requirements**

32.  Inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct.

33.  Adjudications with respect to individual class members would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

34.  Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

**COMPLAINT**

**FIRST CLAIM FOR RELIEF**

**BREACH OF FIDUCIARY DUTY**

**29 U.S.C. § 1104(a)**

35.  Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

36.  Under 29 U.S.C. § 1104(a)(1)(A), Defendants were required to discharge their duties owed to the Plan "solely in the interest of the participants and beneficiaries and . . . for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries, and (ii) defraying reasonable expenses of administering the plan." Defendants breached their fiduciary duty under 29 U.S.C. § 1104(a)(1)(A) by utilizing forfeited Plan assets for its benefit, rather than the benefit of Plan participants. Defendants have chosen to apply forfeited Plan assets to decrease future employer contributions, instead of using those funds for the benefit of Plan participants. In doing so, Defendants placed their interests above the interests of Plan participants and beneficiaries.

37.  Pursuant to 29 U.S.C. § 1104(a)(1)(B), Defendants were required to discharge their duties with respect to the Plan "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." Defendants breached their duty of prudence under 29 U.S.C. § 1104(a)(1)(B) by declining to use the forfeited funds in the plan for the benefit of Plan participants, and instead using such Plan assets to reduce the Company's own contributions to the Plan. Defendants failed to engage in a reasoned and impartial decision making process in deciding to use the forfeited funds in the Plan to reduce the Company's own contribution expenses. Defendants failed to act in a prudent manner, in the best interest of the Plan's participants, and

failed to consider whether participants would be better served by another use of these Plan assets after considering all relevant factors.

38. Pursuant to 29 U.S.C. § 1104(a)(1)(D), Defendants were required to discharge duties solely in the interest of Plan participants, and "in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of" ERISA. Defendants breached their fiduciary duty under Section 1104(a)(1)(D) by using forfeited Plan assets in violation of Plan terms. Defendants also breached their fiduciary duty under Section 1104(a)(1)(D) by using forfeited Plan assets in violation of ERISA statues, including the anti-inurement and prohibited transaction statutes, as alleged herein.

39. Defendants' wrongful conduct, as alleged herein, caused the Plan to receive fewer future employer contributions than it would otherwise received, and depleted Plan assets.

40. As a direct and proximate cause of Defendants' fiduciary breaches, the Plan suffered injury and losses and, pursuant to 29 U.S.C. § 1109, Defendants' are liable for such losses.

41. Each Defendant knowingly participated in the breach of the other Defendants, knowing that such acts were a breach, enabled other Defendants to commit a breach by failing to lawfully discharge its own fiduciary duties, knew of the breach by the other Defendants and failed to make any reasonable effort under the circumstances to remedy the breach. Thus, each Defendant is liable for the losses under 29 U.S.C. § 1105(a).

## SECOND CLAIM FOR RELIEF
## BREACH OF ERISA'S ANTI-INUREMENT PROVISION
## 29 U.S.C. §1103(c)(1)

42. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

43. Pursuant to 29 U.S.C. § 1103(c)(1), "the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purpose of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan."

44. The funds in a participant's accounts that are forfeited when a break in service occurs prior to full vesting are assets of the Plan.

45. By using Plan assets for its own benefit, to reduce its own future employer contributions to the Plan, thereby saving itself millions of dollars in contribution costs, Defendants caused the assets of the Plan to inure to the benefit of the employer in violation of 29 U.S.C. § 1103(c)(1).

46. Pursuant to 29 U.S.C. § 1109(a), Defendants are liable for the Plan losses resulting from violation of ERISA's anti inurement provision as alleged in this claim, and must restore to the Plan all profits secured through their use of Plan assets, and is subject to other equitable or remedial relief as appropriate

## THIRD CLAIM FOR RELIEF

### BREACH OF ERISA'S PROHIBITED TRANSACTIONS

### 29 U.S.C. § 1106

47. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

48. 29 U.S.C. § 1106(a)(1) provides that "[a] fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect . . . exchange . . . of any property between the plan and a party in interest . . . or use by or for the benefit of a party in interest, of any assets of the plan." Defendants are parties in interest, as that term is defined under 29 U.S.C. §1002 (14), because they are Plan fiduciaries and/or employer of Plan participants.

49. 29 U.S.C. § 1106(b) provides that "[a] fiduciary with respect to a plan shall not," among other things, "deal with the assets of the plan in his own interest or for his own account."

50. Defendants violated these prohibitions by utilizing these Plan assets as a substitute for future employer contributions to the Plan, thereby saving themselves millions of dollars in contribution expenses. As alleged herein, Defendants caused the Plan to engage in transactions that constituted a direct or indirect exchange of existing Plan assets for future employer contributions and/or a use of Plan assets by or for the benefit of a party in interest, and Defendants dealt with the assets of the Plan in their own interest and for their own account.

51. As a result of these prohibited transactions, Defendants caused the Plan to suffer losses in the amount of the Plan assets that were substituted for future employer contributions and the lost investment returns on those assets.

52. Pursuant to 29 U.S.C. § 1109(a), Defendants are liable for the Plan losses resulting from violation of ERISA's prohibition on these transactions, as alleged in this claim, and must restore to the Plan all profits secured through their use of Plan assets, and is subject to other equitable or remedial relief as appropriate.

## FOURTH CLAIM FOR RELIEF
## FAILURE TO MONITOR FIDUCIARIES

53. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

54. Defendants oversaw the overall governance of the Plan and had authority to delegate fiduciary responsibilities. Plaintiffs are informed and believe, and on that basis allege, that Defendants administered the Plan, and/or appointed the administrator of the Plan to assist in Plan management and delegated to him or her the authority to handle Plan assets, which led to the issues alleged herein.

55. Defendants had a duty to monitor the person(s) to whom it delegated fiduciary responsibilities, and to take prompt action to protect the plan and correct any breaches of fiduciary duty or violation of ERISA statutes.

56. Defendants breached its duty to monitor the fiduciaries to whom it delegated responsibility for Plan management by, among other things, unreasonably failing to monitor the use of forfeited funds, failing to take steps to ensure that its fiduciary duties and ERISA statutes were properly complied with respect to Plan assets, and permitting Defendants to continuously use forfeited funds for the benefit of the employer, rather than Plan participants, as alleged herein.

57. As a direct and proximate cause of Defendants' breach of their duty to monitor fiduciaries, the Plan suffered losses, as alleged herein.

## REQUEST FOR RELIEF

Wherefore, Plaintiff, on behalf of the Plan and all similarly situated Plan participants and beneficiaries, prays for judgment against Defendants as follows:

1. That Defendants have breached their fiduciary duties and engaged in prohibited conduct and transactions as described above;

2. That Defendants are personally liable to make good to the Plan all losses to the Plan resulting from each violation of ERISA described above, and to otherwise restore the Plan to the position it would have occupied but for these violations;

3. That all assets and profits secured by Defendants as a result of each violation of ERISA described above are to disgorged;

4. For an accounting to determine the amounts Defendants must make good to the Plan under 29 U.S.C. § 1109(a);

5. Removal of the fiduciaries who have breached their fiduciary duties and enjoin them from future ERISA violations;

6. Surcharge against Defendants and in favor of the Plan all amounts involved in any transactions which such accounting reveals were improper, excessive and/or in violation of ERISA;

7. Certify the case as a class action;

8. Award attorneys' fees and costs under 29 U.S.C. § 1132(g)(1) and the common fund doctrine;

9. Award class representatives a service award.

10. Order the payment of interest to the extent it is allowed by law; and

11. Grant other equitable or remedial relief as the Court deems appropriate.

DATED: January 27, 2025                    HAFFNER LAW PC

By: *J. Haffner*
Joshua H. Haffner
Alfredo Torrijos
Vahan Mikayelyan
Attorneys for Plaintiff and all
Others similarly situated

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all claims so triable.

DATED: January 27, 2025                HAFFNER LAW PC

By: *J. Haffner*
Joshua H. Haffner
Alfredo Torrijos
Vahan Mikayelyan
Attorneys for Plaintiff

**COMPLAINT**