CATALINA J. VERGARA (SBN #223775)
cvergara@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, Suite 1900
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000

MEAGHAN VERGOW (*pro hac vice forthcoming*)
mvergow@omm.com
DEANNA RICE (*pro hac vice forthcoming*)
derice@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington D.C., 20006
Telephone: (202) 383-5300

WILLIAM POLLAK (SBN #293654)
wpollak@omm.com
O'MELVENY & MYERS LLP
1301 Avenue of the Americas, Suite 1700
New York, N.Y. 10019
Telephone: (212) 728-5994

*Counsel for Defendant AT&T Services, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS HERNANDEZ, individually and as representative of a class of participants and beneficiaries and on behalf of the AT&T Retirement Savings Plan,<br><br>Plaintiff,<br><br>v.<br><br>AT&T SERVICES, INC.; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:25-CV-00676-ODW-PVC<br><br>**OBJECTION TO PLAINTIFF'S NOTICE OF RELATED CASE**<br><br>[L.R. 83-1.3.2] |

Pursuant to Local Rule 83-1.3.2, Defendant AT&T Services, Inc. ("AT&T") submits this objection to Plaintiff's notice that this action is purportedly related to *Alas v. AT&T Services, Inc.*, Case No. 2:17-cv-08106-SPG-RA. *See* ECF 10.

Plaintiff has not met his burden to show the cases (i) arise from the same or a closely related event or transaction; (ii) call for determination of substantially related or similar questions of law and fact; or (iii) would entail substantial duplication of labor if heard by different judges. L.R. 83-1.3.1. Indeed, he ***concedes*** they involve "different issues." ECF 10 at 2. He argues the cases should, nonetheless, be related because they both "arise out of the AT&T Plan," *id.*, but that is where the similarities end, and Local Rule 83-1.3.1 requires more.

***First***, these two cases do not arise from the "same" or a "closely related" event or transaction. In *Alas*, plaintiffs allege fiduciary violations arising out of the fees paid by the AT&T Retirement Savings Plan (the "Plan") to its recordkeeper, Fidelity Workplace Services ("Fidelity"). *See Alas v. AT&T Servs.*, 2021 WL 4893372, at *1 (C.D. Cal. Sept. 28, 2021), *aff'd in part, rev'd in part sub nom. Bugielski v. AT&T Servs., Inc.*, 76 F.4th 894, 898 (9th Cir. 2023), *cert. pending*, No. 23-1094 (April 9, 2024); Ex. A to the Declaration of William Pollak, Esq. ("Pollak Decl."), Third Am. Compl., *Alas v. AT&T Servs.*, No. 2:17-cv-08106 (C.D. Cal. Nov. 12, 2018), ECF No. 81 ("*Alas* Compl.") at ¶¶ 7, 57–77, 133–34, 149–50. In particular, the *Alas* plaintiffs claim that the Plan paid excessive fees to Fidelity on account of indirect fees that Fidelity received for investment advisory and brokerage services provided to Plan participants. *See Alas* Compl. at ¶¶ 87–108, 133–35; *Bugielski*, 76 F.4th at 898.

Plaintiff's factual allegations here arise from ***different*** events and transactions. This case involves claims that AT&T allegedly violated ERISA by applying "forfeited" funds—employer contributions that had not yet vested when participants left AT&T—to satisfy future contribution obligations, rather than to pay Plan expenses. Class Action Compl., *Hernandez v. AT&T Services, Inc.*, No.

2:25-CV-00676-ODW-PVC (C.D. Cal. Jan. 27, 2025) ("*Hernandez* Compl."), ECF No. 1 at ¶¶ 1, 12–15. There is no overlap in the core facts at issue in both cases, and the transactions at issue do not even overlap in time: *Alas* involves the indirect compensation allegedly received by the Plan's recordkeeper from November 2011 through November 2018, whereas this case involves transactions related to the use of Plan forfeitures occurring between 2019 and 2025. *Compare* Ex. B to the Pollak Decl., Order Granting Class Cert., *Alas v. AT&T Servs.*, No. 2:17-cv-08106 (C.D. Cal. Aug. 6, 2020), ECF 158 at 2, *with Hernandez* Compl. ¶¶ 17–19, 23.

Simply relating to the same plan does not make two cases related when, the underlying events and transactions are distinct. *See, e.g.*, *Bonilla v. United Brands Co., Inc.*, 2011 WL 13220120, at *2 (C.D. Cal. Mar. 21, 2011) (rejecting request to relate cases where "they ha[d] little factual matter in common aside from the identity of the Defendants"); Ex. C and D to the Pollak Decl., *Alvidres v. Countrywide Fin. Corp.*, CV 07-05810 JFW (CTx) (C.D. Cal. Jan. 23, 2008) (ECF Nos. 57, 67) (denying transfer of ERISA case notwithstanding the uncontested factual overlap between the cases, where underlying transactions at issue were unrelated); *accord ESS Tech., Inc. v. PC-Tel, Inc.*, No. C-99-20292 RMW, 2001 WL 1891713, at *1–5 (N.D. Cal. Nov. 28, 2001) (refusing to relate cases that involved "diverse" contract proposals that would "require examining each defendant's [separate] practices"). The court should deny transfer on that basis alone.

**Second**, the cases do not involve "substantially related" or "similar" legal issues. The questions at issue in *Alas* include whether the defendants fulfilled their fiduciary duties to investigate and monitor the fees paid to the Plan's recordkeeper. *Bugielski*, 76 F.4th at 898–99. By contrast, the legal questions in this case include: (i) whether the defendants were acting as fiduciaries with respect to the transactions at issue; and (ii) whether certain unvested and forfeited assets could be used to reduce future contributions, where the Plan document and guidance from federal

2

regulators specifically permitted the practice. *See Hernandez* Compl. at ¶¶ 8, 15–16, 36–40.

Plaintiff acknowledges that these issues are "different," but suggests that the cases should be related because they purportedly "involve similar questions of fact and law." ECF No. 10 at 2. There are no similar questions of fact, as just explained. And the only "similar" legal issue Plaintiff asserts is that, in his view, both actions involve "the proper standard of constitutional review." *Id.* at 2. That vague assertion makes no sense. Constitutional standards of review are applied when a court is reviewing a law or state action for alleged infringement of a constitutional right (*e.g.*, strict scrutiny or rational basis review). *See generally California v. U.S. Dep't of Homeland Sec.*, 612 F. Supp. 3d 875, 898 (N.D. Cal. 2020) (discussing different standards of constitutional review). Those principles have no bearing in ERISA fiduciary litigation, and Plaintiff cites nothing to the contrary. *See, e.g.*, Ex. E to the Pollak Decl., Order re Transfer, *Prime Healthcare Servs. – San Dimas, LLC v. Sec. of Health & Human Servs.*, No. 16-cv-08099-JAK-Ex (C.D. Cal. Feb. 3, 2017), ECF No. 16 (denying request to relate cases where "[t]he stated legal issue is generic and does not support a related case transfer").

***Third***, in light of these distinct factual and legal issues, there would be no "duplication of labor" or inefficiency if these cases were heard by different judges. Plaintiff tries to suggest otherwise by arguing that "Plaintiffs in these actions will likely seek overlapping discovery as to Defendants' policies and practices regarding its Plan and the decision-making process." ECF No. 10 at 2. But that argument is likewise nonsensical, because discovery and substantive briefing have already been completed in *Alas*. Moreover, the two cases involve different time periods, as explained above, and because the claims involve different fiduciary decisions, they necessarily implicate distinct discovery into the facts surrounding those decisions. In any event, *Alas* is currently stayed pending a decision on defendants' petition for writ of certiorari in the United States Supreme Court—so, if anything, transfer

3

could result in delay on that basis. *See Alas*, ECF No. 263. And even if litigation were to resume in *Alas*, it would be at a substantially more advanced stage of the case.[1]

Plaintiff has thus failed to meet his burden of showing that judicial resources will be conserved by having these two cases heard by the same judge. Accordingly, AT&T respectfully requests that the Court deny Plaintiff's request to have this case related to the *Alas* case. *See, e.g.*, Ex. F to the Pollak Decl., Order re Transfer, *Jed Props., LLC v. City of Los Angeles*, 2:07-cv-01050-ER-SS (C.D. Cal. Aug. 7, 2007), ECF No. 18 at 2 (declining transfer because "[j]udicial resources will . . . not be conserved").

Dated: February 13, 2025

Respectfully submitted,

/s/ *Catalina Vergara*
Catalina J. Vergara

CATALINA J. VERGARA
O'MELVENY & MYERS LLP

*Counsel for Defendant
AT&T Services, Inc.*

---

[1] Nor is there efficiency to be gained by consolidating the cases before a judge who already has significant experience with the Plan. Judge Garnett was assigned to the *Alas* case in February 2024, after discovery had concluded. *Alas*, ECF Nos. 235; *see* Ex. G to the Pollak Decl., Order re Transfer, *Payne v. Anvil Knitwear, Inc.*, 2:06-cv-08100-SVW-SSx (C.D. Cal. Apr. 6, 2007), ECF No. 13 (declining request to transfer because "no prior action was ever taken by the court in the prior matter other than dismissal for failure to prosecute").