CATALINA J. VERGARA (SBN #223775)
cvergara@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071
Telephone: +1 213 430 6000
Facsimile: +1 213 430 6407

MEAGHAN VERGOW (admitted *pro hac vice*)
mvergow@omm.com
DEANNA RICE (admitted *pro hac vice*)
derice@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
Telephone: +1 202 383 5300
Facsimile: +1 202 383 5414

WILLIAM D. POLLAK (SBN #293654)
wpollak@omm.com
O'MELVENY & MYERS LLP
1301 Avenue of the Americas, Suite 1700
New York, New York 10019
Telephone: +1 212 326 2000
Facsimile: +1 212 326 2061

*Counsel for Defendant AT&T Services, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS HERNANDEZ, individually and as representative of a class of participants and beneficiaries and on behalf of the AT&T Retirement Savings Plan,<br><br>Plaintiff,<br><br>v.<br><br>AT&T SERVICES, INC.; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:25-CV-00676-ODW-PVC<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**<br><br>Hon. Otis D. Wright II<br>Hearing Date: June 16, 2025<br>Time: 1:30 p.m.<br>Courtroom: 5D |

**TABLE OF CONTENTS**

Page

INTRODUCTION ..............................................................................................................1

ARGUMENT ....................................................................................................................2

    I.    Plaintiff cannot salvage his breach of fiduciary duty claims. ................2

        A.    Plaintiff challenges non-fiduciary "settlor" decisions. ................2

        B.    Plaintiff has not plausibly alleged a breach of fiduciary duty. ..............................................................................................5

        C.    The Court should not ignore decades of settled legal guidance. ...........................................................................7

    II.    Plaintiff's anti-inurement claim must be dismissed. ..............................8

    III.    The Complaint fails to state a prohibited transaction claim. .................9

CONCLUSION ...............................................................................................................10

# TABLE OF AUTHORITIES

Page

**CASES**

*Anderson v. Intel Corp. Inv. Pol'y Comm.*,
2025 WL 1463295 (9th Cir. May 22, 2025) ...............................................................7

*Barragan v. Honeywell Int'l Inc.*,
2024 WL 5165330 (D.N.J. Dec. 19, 2024) .................................................................2

*Bozzini v. Ferguson Enterprises*,
3:22-cv-05667, ECF 123 (N.D. Cal. May 29, 2025) ..................................................2

*Coulter v. Morgan Stanley & Co.*,
753 F.3d 361 (2d Cir. 2014) .......................................................................................3

*Crowhurst v. Cal. Inst. of Tech.*,
1999 WL 1027033 (C.D. Cal. July 1, 1999) ..............................................................7

*Dimou v. Thermo Fisher Sci. Inc.*,
2024 WL 4508450 (S.D. Cal. Sept. 19, 2024) ........................................................2, 9

*Hughes Aircraft Co. v. Jacobson*,
525 U.S. 432 (1999) ...................................................................................................3

*Hughes v. Nw. Univ.*,
595 U.S. 170 (2022) ...................................................................................................7

*Hutchins v. HP Inc.*,
737 F. Supp. 3d 851 (N.D. Cal. 2024) ................................................................passim

*Hutchins v. HP, Inc.*,
2025 WL 404594 (N.D. Cal. Feb. 5, 2025), *appeal filed*,
No. 25-826 (9th Cir. Feb. 7, 2025) ......................................................................passim

*Lauderdale v. NFP Ret., Inc.*,
2024 WL 751005 (C.D. Cal. Feb. 23, 2024) ..............................................................7

*Loomis v. Exelon Corp.*,
658 F.3d 667 (7th Cir. 2011) ......................................................................................3

*Madrigal v. Kaiser Found. Health Plan, Inc.*,
2025 WL 1299002 (C.D. Cal. May 2, 2025) .................................................... 1, 2, 10

*McManus v. Clorox Co.*,
2024 WL 4944363 (N.D. Cal. Nov. 1, 2024) ................................................ 2, 6, 8, 10

*McManus v. Clorox Co.*,
2025 WL 732087 (N.D. Cal. Mar. 3, 2025) ...............................................................6

# TABLE OF AUTHORITIES
### (continued)

Page

*Naylor v. BAE Sys., Inc.*,
  2024 WL 4112322 (E.D. Va. Sept. 5, 2024) ................................................. 2, 4

*Perez-Cruet v. Qualcomm Inc.*,
  2024 WL 2702207 (S.D. Cal. May 24, 2024) ................................................... 6

*Randall v. GreatBanc Tr. Co.*,
  2024 WL 713997 (D. Minn. Feb. 21, 2024) ..................................................... 9

*Rodriguez v. Intuit Inc.*,
  744 F. Supp. 3d 935 (N.D. Cal. 2024) .............................................................. 6

*Sievert v. Knight-Swift Transp. Holdings, Inc.*,
  2025 WL 1248922 (D. Ariz. Apr. 30, 2025) ................................................. 2, 7

**STATUTES**

29 U.S.C. § 1104(a)(1)(D) ......................................................................................... 6

**REGULATIONS**

29 C.F.R. § 1.401-7(a) ............................................................................................... 8

**OTHER AUTHORITIES**

88 Fed. Reg. 12282-01 (Feb. 27, 2023) ..................................................................... 8

# INTRODUCTION[1]

Plaintiff's Complaint suffers from the same defects that have led eight other courts to dismiss similar claims. Indeed, only a few weeks ago, Judge Ramírez Almadani dismissed a virtually identical complaint brought by the same plaintiffs' counsel.[2] Plaintiff's Opposition barely engages with the reasoning of those decisions, confirming Plaintiff has no solution for the fundamental problems with his claims.

Plaintiff contends ERISA prohibits applying forfeitures to employer contributions. As discussed in the Motion, Plaintiff's claims fail in the first instance because the decision to apply forfeitures to offset employer contributions is a ***settlor***, rather than fiduciary, decision. Plaintiff concedes that decisions about how to allocate forfeitures ***can*** be non-fiduciary but argues that the decision here was fiduciary because the AT&T Plan document also permits forfeitures to be used to offset plan expenses. That argument doesn't solve Plaintiff's settlor problem, because the Plan document makes clear that participating employers at all times retain settlor authority to decide whether to charge expenses to participants— meaning AT&T Services (the Plan Administrator) did not make a fiduciary decision to do so. Faced with materially similar plan provisions, the court in *Hutchins v. HP, Inc.*, concluded that the plan sponsor "***acting as settlor*** determines whether, in a given year, Plan expenses will be paid by [the sponsor] or charged to Plan participants' accounts." 2025 WL 404594, at *4 (N.D. Cal. Feb. 5, 2025), *appeal filed*, No. 25-826 (9th Cir. Feb. 7, 2025) ("*Hutchins II*") (emphasis in original). Plaintiff tries to distinguish the AT&T Plan terms from those in *Hutchins II*, but his

---

[1] This Reply adopts the same defined terms as the Motion to Dismiss ("Mot." or "Motion"). Plaintiff's Opposition is cited as "Opp." Unless otherwise noted, all emphasis is supplied and internal quotations are omitted.

[2] *Madrigal v. Kaiser Found. Health Plan*, 2025 WL 1299002 (C.D. Cal. May 2, 2025).

distinctions are illusory.

Plaintiff's response to AT&T Services' other arguments for dismissal is even more anemic. Beyond the threshold question of whether the challenged conduct is fiduciary, the vast majority of courts have now dismissed similar fiduciary breach claims because they would "create benefits beyond what was promised in the Plan itself" while ignoring "long-settled rules regarding the use of forfeitures." *Id*. at *4–5.[3] All of those courts have also dismissed claims that using forfeitures to offset employer contributions violates ERISA's anti-inurement and prohibited transaction provisions. Those decisions recognize that there is no anti-inurement violation where forfeitures remain in the plan and are used to provide benefits to participants, and that reallocation of forfeitures as employer contributions is not a prohibited "transaction" with a fiduciary or party in interest.

Against that emerging legal consensus, Plaintiff offers little more than cursory citations to the few outlier decisions denying motions to dismiss forfeiture claims. Plaintiff does not even acknowledge that most courts have rejected his legal theories, let alone explain why the Court should follow the minority decisions he cites when other courts have declined to do so. This Court should follow those well-reasoned decisions and dismiss the Complaint.

## ARGUMENT

### I.     Plaintiff cannot salvage his breach of fiduciary duty claim.

#### A.     Plaintiff challenges non-fiduciary "settlor" decisions.

As explained in AT&T Services' Motion, Plaintiff's fiduciary breach claim

---

[3] *Bozzini v. Ferguson Enterprises,* 3:22-cv-05667, ECF 123 (N.D. Cal. May 29, 2025); *Madrigal*, 2025 WL 1299002; *Sievert v. Knight-Swift Transp. Holdings, Inc.*, 2025 WL 1248922 (D. Ariz. Apr. 30, 2025); *Barragan v. Honeywell Int'l Inc.*, 2024 WL 5165330 (D.N.J. Dec. 19, 2024); *Dimou v. Thermo Fisher Sci. Inc.*, 2024 WL 4508450 (S.D. Cal. Sept. 19, 2024); *Naylor v. BAE Sys., Inc.*, 2024 WL 4112322 (E.D. Va. Sept. 5, 2024); *see also McManus v. Clorox Co.*, 2024 WL 4944363 (N.D. Cal. Nov. 1, 2024) (dismissing fiduciary breach claims as originally pled) ("*Clorox I*").

fails out of the gate because the decision he challenges—applying forfeitures to offset employer contributions rather than to pay expenses borne by participants—is a settlor decision to which ERISA's fiduciary duties do not apply. Plaintiff acknowledges that plan "design choices" are "quintessential settlor activities" (Opp. 12) and that decisions about how to apply forfeitures are a non-fiduciary plan design choice when the plan document specifies that forfeitures will be applied in a particular way (*id*. at 7). Plaintiff nonetheless contends the decision how to apply forfeitures in the AT&T Plan was a matter of fiduciary discretion because the Plan permits forfeitures to be used for more than one purpose. *See id*. at 6–11. But whether a plan sponsor decides in advance that forfeitures will always be used the same way or leaves itself the option in the plan document to make different choices at different times, the decision whether to apply forfeitures to pay plan expenses remains a non-fiduciary, settlor choice. *See Loomis v. Exelon Corp.*, 658 F.3d 667, 671 (7th Cir. 2011) (an employer's decision to "cover [plan] expenses" is a non-fiduciary "question of plan design"); *Coulter v. Morgan Stanley & Co.*, 753 F.3d 361, 367 (2d Cir. 2014) (decisions about "the timing and amount of contributions" and plan "funding" are non-fiduciary, settlor functions).

The court in *Hutchins II* recognized as much, citing *Hughes Aircraft v. Jacobson* to support its conclusion that whether to use forfeitures to pay plan expenses is a settlor decision, and fiduciary duties attach only to the implementation of that decision. *See Hutchins II*, 2025 WL 404594, at *4 (citing *Hughes*, 525 U.S. 432, 444 (1999)). Plaintiff argues *Hutchins II* "misinterpret[ed]" *Hughes* (Opp. 12), but *Hughes* is straightforward on this point: decisions about "who is entitled to receive Plan benefits and in what amounts" are settlor decisions. 525 U.S. at 444.

Here, moreover, the broader context of the Plan underscores that the decision whether to apply forfeitures to pay Plan expenses is non-fiduciary. Section 14.3.3 of the Plan says expenses will be paid by participants unless the participating employer chooses to pay them. The only logical reading of this provision is that the

employer retains the settlor authority to decide whether it will pay Plan expenses. The court in *Hutchins II* read a similar plan provision the same way in dismissing similar claims. 2025 WL 404594, at *4, *7; Mot. 11–12.[4] And none of the cases Plaintiff cites for his fiduciary theory—*Clorox*, *Intuit*, *Qualcomm*, *Madrigal*, and *Sievert* (Opp. 6, 8)—considered the effect of any comparable plan provision.

      Plaintiff's attempts to distinguish the plan provisions in *Hutchins II* are unavailing. Plaintiff contends Section 14.3.3's instruction that all expenses "will be paid by the Trustee ***from the Trust***" unless the employer chooses to pay them authorizes payment of expenses using forfeitures, because forfeitures are held within the "Trust." *Id*. at 11–12. But that doesn't bear on the settlor/fiduciary question—all agree an employer can choose to pay expenses using Trust funds; the point is just that it does so as a settlor. And in any case, the pivotal provision in *Hutchins II* similarly provided "an expense of the Plan or Trust shall be paid by the Participating Companies or ***out of the Trust Fund***." 2025 WL 404594, at *4. The court construed that language to "indicate[] that HP ***acting as settlor*** determines whether, in a given year, Plan expenses will be paid by HP or charged to Plan participants' accounts." *Id*. The same conclusion follows here.

      Moreover, Section 14.3.4 of the Plan specifies that when expenses are paid from the Trust, AT&T Services will charge them to (i) "Participants' individual accounts," (ii) "the Accounts of all Participants" or (iii) "the Accounts of one or more identified groups of Participants." The Plan contemplates no scenario in which expenses will be paid from the "Trust" but not charged to participant

---

[4] The court in *Naylor* similarly read the plan document as a whole to conclude that the decision not to use forfeitures to pay plan expenses did not implicate fiduciary discretion. While one plan provision "confer[red] discretion on the Administrative Committee to use forfeitures to cover Plan expenses," that discretion was constrained by a separate provision requiring forfeitures to be used to restore contributions for returning employees and offset employer contributions, which the court read to require forfeitures to be used first for those purposes. *See Naylor*, 2024 WL 4112322, at *6–7.

1 accounts, absent an affirmative decision by the participating employer to cover the
2 expenses. Plaintiff suggests that the restrictions of Section 14.3.4 come into play
3 only if the employer elects not to pay an expense *and* AT&T Services separately
4 elects not to pay the expense using forfeitures (Opp. 11–12), but that is not how the
5 Plan is written. The Plan leaves to the employer alone the choice whether any Plan
6 expenses will not be charged to participants.

7 Plaintiff also makes much of the fact that the plan in *Hutchins II* explicitly
8 stated that the sponsor retained "complete and unfettered discretion" to decide who
9 would pay expenses, and that the expense provisions "shall not be construed to
10 require the Participating Companies to pay any portion of the expense of the Plan."
11 *Id*. at 12. Those provisions, Plaintiff says, "vested the decision-making authority
12 regarding the source of expense payment (company vs. trust) in the settlor on an
13 ongoing basis." *Id.* But Sections 14.3.3 and 14.3.4 of the AT&T Plan are
14 substantively the same—they likewise provide that expenses will be allocated to
15 participant accounts unless a participating employer opts to pay them. As in
16 *Hutchins II*, the only circumstance in which expenses will ***not*** be paid from
17 participant accounts is where the employer—not the plan administrator—makes
18 that decision.

### B. Plaintiff has not plausibly alleged a breach of fiduciary duty.

20 AT&T Services' Motion also explained that, even if the choice of how to
21 apply forfeitures was a fiduciary decision, the Complaint does not plausibly allege
22 any breach of fiduciary duty. *See* Mot. 12–15. Most courts have dismissed similar
23 claims for failure to plausibly allege a breach, correctly recognizing that ERISA
24 "does no more than protect the benefits which are due to an employee under a plan"
25 and "it is neither disloyal nor imprudent under ERISA to fail to maximize
26 pecuniary benefits." *Hutchins v. HP Inc.*, 737 F. Supp. 3d 851, 863 (N.D. Cal.
27 2024) ("*Hutchins I*"); *see supra* at n.3 (collecting cases).

28 Plaintiff does not address these decisions but cites a trio of cases that have

gone the other way: *Qualcomm*, *Intuit*, and *Clorox II*. *See* Opp. 13–14. In relying on those cases, Plaintiff ignores important differences between them and his own Complaint. In *Intuit*, the plaintiffs alleged fiduciaries violated the terms of the plan by applying forfeitures to the wrong category of employer contributions. *Rodriguez v. Intuit Inc.*, 744 F. Supp. 3d 935, 945, 947–48 (N.D. Cal. 2024); *see* Mot. 15 n.10. Plaintiff makes no similar allegation here, and that is a critical distinction because ERISA requires fiduciaries to comply with plan terms. *See* 29 U.S.C. § 1104(a)(1)(D); *Hutchins II*, 2025 WL 404594, at *6 (distinguishing *Intuit* on this basis). In *Clorox II*, the court permitted fiduciary breach claims to proceed only after the plaintiffs amended their complaint to add factual allegations not present here. *See McManus v. Clorox Co.*, 2025 WL 732087, at *2–5 (N.D. Cal. Mar. 3, 2025) ("*Clorox II*").[5] In dismissing the initial complaint, the *Clorox* court reasoned that the theory that it is always a breach to use forfeitures to offset employer contributions was "impermissibly broad" and "inconsistent with the Supreme Court's context specific approach." *Clorox I*, 2024 WL 4944363, at *6. The Complaint here suffers from the same problem.

Plaintiff's remaining case, *Qualcomm*, was the first decision to address these novel forfeiture claims, and other courts have criticized its reasoning as "conclusory" and "not … persuasive." *Hutchins I*, 737 F. Supp. 3d at 862 n.1. It is no surprise, then, that nearly all courts considering forfeiture claims post-*Qualcomm* have not followed its lead. The *Qualcomm* court concluded it was plausible to infer a breach of the duties of loyalty and prudence only by gliding past the substance of those duties and focusing solely on the allegation that fees borne by participants would have been lower if forfeitures had been used to pay plan

---

[5] While the amended complaint in *Clorox II* included allegations beyond those in the initial pleading, the court still was wrong to conclude those allegations were enough to state a claim, for the same reasons discussed in connection with *Qualcomm* below.

expenses. *Perez-Cruet v. Qualcomm Inc.*, 2024 WL 2702207, at *2–3 (S.D. Cal. May 24, 2024). For purposes of the duty of loyalty, however, "what matters is *why* the defendant acted as he did." *Lauderdale v. NFP Ret., Inc.*, 2024 WL 751005, at *23 (C.D. Cal. Feb. 23, 2024) (emphasis in original); *see* Mot. 13–14. An alleged incidental benefit alone is insufficient to sustain a claim. *See Crowhurst v. Cal. Inst. of Tech.*, 1999 WL 1027033, at *18 (C.D. Cal. July 1, 1999). Prudence, meanwhile, is a context-specific question of process. *See Hughes v. Nw. Univ.*, 595 U.S. 170, 177 (2022); *Anderson v. Intel Corp. Inv. Pol'y Comm.*, 2025 WL 1463295, at *4–7 (9th Cir. May 22, 2025); Mot. 14–15. The *Qualcomm* court did not confront those legal standards, nor does Plaintiff even try to explain how the Complaint's allegations raise a plausible inference of breach in light of them. As the majority of courts has correctly concluded, they do not.

### C. The Court should not ignore decades of settled legal guidance.

As multiple courts have recognized, the plausibility of Plaintiff's allegations is also informed by the fact that Treasury Department regulations have for decades explicitly permitted forfeitures to be applied toward employer contributions. *See, e.g.*, *Sievert*, 2025 WL 1248922, at *4. Plaintiff emphasizes in response that although Treasury Department regulations authorize use of forfeitures to offset employer contributions, they do not "categorically *mandate*" that forfeitures be used in that way. Opp. 15–16. The point, however, is not that the Treasury Department guidance precludes use of forfeitures to pay plan expenses (something AT&T Services has never argued). It is that the guidance expresses no preference between use of forfeitures to pay plan expenses or to offset employer contributions—and endorses use of forfeitures for either or both purposes.

Nothing in the Treasury Department guidance supports Plaintiff's apparent view that forfeitures may be used to offset employer contributions only if that is the lone option permitted under the plan document. *See id*. at 15. To the contrary, the 2023 proposed regulation notes that drafting plan documents "to permit forfeitures

to be used for more than one purpose" may be desirable to avoid the risk of an operational failure where a plan "specif[ies] only one use for forfeitures" and "forfeitures in a given year exceed the amount that may be used for that one purpose." Use of Forfeitures in Qualified Retirement Plans, 88 Fed. Reg. 12282-01, 12284 (Feb. 27, 2023). This regulatory backdrop renders implausible Plaintiff's theory that forfeitures must be used to pay plan expenses whenever a plan document mirrors Treasury Department guidance and allows for multiple options.

Plaintiff further asserts that 29 C.F.R. § 1.401-7(a) applies only to defined benefit pension plans and the 2023 proposed regulation "lack[s] legal effect." Opp. 15–16. The very case Plaintiff cites in an effort to sidestep those provisions, however, considered both of them "as persuasive authority" and concluded the plaintiff's "theory of liability [wa]s contrary to the settled understanding of Congress and the Treasury Department." *Hutchins I*, 737 F. Supp. 3d at 859, 863–64. And Plaintiff does not dispute that both Congress and the IRS have long recognized that defined contribution plans, like defined benefit plans, may use forfeitures to offset employer contributions. *See, e.g.*, *Hutchins II*, 2025 WL 404594, at *4; *see also* Mot. 6–8.

## II.     Plaintiff's anti-inurement claim must be dismissed.

As discussed in the Motion, Plaintiff's anti-inurement claim must be dismissed because the Complaint alleges only the reallocation of forfeited employer contributions to other participants **within the Plan**, and the anti-inurement rule generally is violated only "if there has been a removal of plan assets for the benefit of the plan sponsor." *Hutchins I*, 737 F. Supp. 3d at 865; *see* Mot. 15–17. Recognizing that principle, and that reallocated forfeitures "are used to pay obligations to Plan participants" as the anti-inurement rule requires, numerous courts have dismissed analogous claims. *Hutchins I*, 737 F. Supp. 3d at 864; *see Clorox I*, 2024 WL 4944363, at *7; *supra* at n.3 (collecting cases).

Plaintiff again ignores those decisions and instead cites *Intuit* and *Qualcomm*

for the proposition that it is enough to allege that participating employers "benefit[ed]" from the reallocation of forfeitures as employer contributions. Opp. 17. But as the courts that have dismissed materially identical claims have held, mere allegations that an employer benefited in some way from a reallocation of assets within the plan do not state an anti-inurement claim. *See, e.g.*, *Hutchins I*, 737 F. Supp. 3d at 864; *Dimou*, 2024 WL 4508450, at *10.[6] Indeed, Plaintiff admits that under his reading of the anti-inurement rule, plans would *never* be permitted to reallocate forfeitures as employer contributions—even if that is the only use permitted under the plan document—because doing so would *always* confer an impermissible "benefit" on the plan sponsor. Opp. 17. That position is untenable in light of long-standing legal guidance expressly permitting use of forfeitures in that way. *See supra* at 7–8. Because Plaintiff points to nothing more than an alleged incidental benefit in support of his anti-inurement claim, that claim must be dismissed.

### III. The Complaint fails to state a prohibited transaction claim.

Plaintiff's prohibited transaction claim also fails for multiple reasons, including Plaintiff's failure to plausibly allege that the relevant decision was a fiduciary choice, *see supra* at 2–5, or that allocation of forfeitures constituted a "transaction" within the scope of the prohibited transaction rules. Mot. 18–20. In response, Plaintiff contends he has alleged "a direct transaction – Plan assets (forfeitures) exchanged or reallocated to offset future employer contributions," again relying on *Intuit* and *Qualcomm* to argue that those allegations suffice.

---

[6] The only other case Plaintiff cites, *Randall v. GreatBanc Trust Co.*, 2024 WL 713997 (D. Minn. Feb. 21, 2024), recognizes that courts have held that "indirect benefits inuring to an employer are insufficient" to make out a claim. *Id.* at *8. The allegations the court in *Randall* found sufficient "[w]ithout any argument to the contrary" did not involve forfeitures, but alleged improper reclassification of preferred stock dividends in an ESOP. *Id.* at *2, *7–8.

Opp. 18.[7]

As the eight courts that have dismissed similar claims have correctly concluded, the reallocation of forfeited employer contributions **within the Plan** does not involve a "transaction" between the Plan and a party in interest or fiduciary under the prohibited transaction rules. *See Madrigal*, 2025 WL 1299002, at *6–7; *Hutchins I*, 737 F. Supp. 3d at 867–68; *Clorox I*, 2024 WL 4944363, at *7–8; *supra* at n.3 (collecting cases). Plaintiff again ignores those decisions in favor of *Intuit* and *Qualcomm*, which other courts have declined to follow because they extend ERISA § 406 well beyond its intended scope. The Court should follow the weight of authority and dismiss Plaintiff's prohibited transaction claim.[8]

## CONCLUSION

For the reasons stated above and in the Motion, the Court should dismiss the Complaint in its entirety.

---

[7] *Randall* again is no help to Plaintiff, as it involved alleged "misappropriat[ion] [of] the ESOP's preferred stock dividends," 2024 WL 713997, at *4, *6, not the reallocation of employer contributions from one employee to another.

[8] Plaintiff concedes his monitoring claim in Court IV depends on the existence of a plausible underlying claim of breach. Opp. 18. Plaintiff's failure to plausibly allege an underlying breach thus also requires dismissal of Count IV, as do the other deficiencies raised in AT&T Services' Motion (Mot. 20–21), to which Plaintiff offers no response.

| | |
|---|---|
| Dated: May 30, 2025 | Respectfully submitted, |
| | By: /s/ *Catalina J. Vergara* |
| | Catalina J. Vergara |
| | |
| | CATALINA J. VERGARA |
| | cvergara@omm.com |
| | O'MELVENY & MYERS LLP |
| | 400 South Hope Street |
| | Los Angeles, California 90071 |
| | Telephone: +1 213 430 6000 |
| | Facsimile: +1 213 430 6407 |
| | |
| | MEAGHAN VERGOW |
| | (admitted *pro hac vice*) |
| | mvergow@omm.com |
| | DEANNA RICE |
| | (admitted *pro hac vice*) |
| | derice@omm.com |
| | O'MELVENY & MYERS LLP |
| | 1625 Eye Street, N.W. |
| | Washington, D.C. 20006 |
| | Telephone: +1 202 383 5300 |
| | Facsimile: +1 202 383 5414 |
| | |
| | WILLIAM D. POLLAK |
| | wpollak@omm.com |
| | O'MELVENY & MYERS LLP |
| | 1301 Avenue of the Americas, Suite 1700 |
| | New York, New York 10019 |
| | Telephone: +1 212 326 2000 |
| | Facsimile: +1 212 326 2061 |
| | |
| | *Counsel for Defendant AT&T Services, Inc.* |

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant, certifies that this brief contains 3,300 words, which complies with the word limit set by this Court's Procedures, Section VII.A.3.

Date: May 30, 2025                         */s/ Catalina J. Vergara*
                                           Catalina J. Vergara

# CERTIFICATE OF SERVICE

I certify that on May 30, 2025, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which automatically services all counsel of record for the parties who have appeared.

Dated: May 30, 2025

                                              */s/ Catalina J. Vergara*
                                              Catalina J. Vergara