O

# United States District Court
# Central District of California

| | |
|---|---|
| LUIS HERNANDEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>AT&T SERVICES, INC. et al.,<br><br>        Defendants. | Case № 2:25-cv-00676-ODW (PVCx)<br><br>**ORDER GRANTING MOTION TO DISMISS [19]** |

## I.  INTRODUCTION

Plaintiff Luis Hernandez brings this putative class action against Defendant AT&T Services, Inc. for violations of the Employment Retirement Income Security Act ("ERISA"). (Compl., Dkt. No. 1.)  Hernandez complains that AT&T Services improperly applies forfeited contributions to reduce future employer obligations, rather than to reduce future participant obligations. (*Id.* ¶ 1.)  AT&T Services moves to dismiss Hernandez's Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Mot. Dismiss ("Motion" or "Mot.") 1–3, 8–9, Dkt. No. 19.)  For the reasons discussed below, the Court **GRANTS** the Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND[2]

The AT&T Retirement Savings Plan (the "Plan") is a defined contribution, individual account, employee pension benefit plan subject to ERISA, pursuant to 29 U.S.C. § 1003(a). (Compl. ¶ 6; Decl. Gary Hanson ISO Mot. ("Hanson Decl.") Exs. A–B ("Plan") § 1.1–1.2, Dkt. No. 19-2.[3]) Under ERISA, an individual account or defined contribution plan "means a pension plan which provides for an individual account for each participant and for benefits based solely upon the amount contributed to the participant's account." 29 U.S.C. § 1002(34). A plan's benefits also include "any income, expenses, gains and losses, and any forfeitures of accounts of other participants which may be allocated to such participant's account." *Id.* Plan assets are held in a trust fund, from which the Plan Administrator pays distributions, benefits, and administrative expenses. (Compl. ¶¶ 11–12; Plan § 3.1(113).)

At all times relevant to this action, Hernandez was a participant in the Plan. (*Id.* ¶ 5.) AT&T Services is the Plan Administrator and non-party AT&T Inc. is the Plan sponsor. (*Id.* ¶ 7; Plan § 3.1 (89)–(90).) Participating employers in the Plan include AT&T Inc.'s affiliates and subsidiaries. (Plan §§ 1.3, 16.1; Mot. 3.)

The Plan is funded through contributions from participants and employers. (Compl. ¶ 12.) Participants who contribute to the Plan immediately vest in their own contributions. (*Id.* ¶ 13.) By contrast, participants generally vest in employer contributions after the participant has completed three years of service. (*Id.*) If a participant has a break in service before they fully vest in employer contributions, the non-vested portion of those contributions are forfeited back to the Plan trust. (*Id.*

---

[2] All factual references derive from Hernandez's Complaint, unless otherwise noted, and well-pleaded factual allegations are accepted as true for purposes of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3] The Court considers the Plan incorporated by reference into the Complaint because the Plan is central to Hernandez's claims and no party disputes its authenticity. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (providing that a document may be incorporated by reference where the pleading necessarily relies on it and neither party disputes its authenticity).

¶ 14.) AT&T Services, as Plan Administrator, then determines how those forfeited contributions are allocated, within the terms of the Plan. (*Id.*; Plan § 9.5.)

The Plan terms direct that the Plan Administrator must apply forfeited amounts in one of three ways: "[1] to reduce Employer Contributions next coming due, and/or [2] to fund Employer Corrective Contributions, and/or [3] to pay expenses incident to the administration of the Plan and Trust." (Plan § 9.5.) If a participant rejoins the participating employer within five years, the forfeited contributions may be restored to the participant's account, with the forfeited amounts charged against and deducted from forfeitures for that Plan Year. (*Id.* § 9.6.) "All expenses incident to the administration of the Plan and Trust" are generally paid from Plan assets, except "to the extent such expenses are paid by the [e]mployer." (*Id.* § 14.3.3.) When expenses are paid from Plan assets, the Plan Administrator determines which expenses are paid from which participants' accounts and how they are allocated. (*Id.* § 14.3.4.)

Hernandez alleges that AT&T Services violated ERISA by "wrongfully and consistently us[ing] forfeited nonvested plan assets for its own benefit, to reduce future employer contributions, rather than for the benefit of Plan participants," by reducing administration expenses. (Compl. ¶¶ 15–16.) Hernandez alleges this practice harms him and Plan participants by "reducing Plan assets, and/or by causing participants to incur expenses that could otherwise have been covered in whole or in part by forfeited funds." (*Id.* ¶ 21.) Based on these allegations, Hernandez brings claims on behalf of himself and similarly situated Plan participants and beneficiaries for: (1) breach of fiduciary duty under 29 U.S.C. § 1104(a); (2) breach of ERISA's anti-inurement provision under 29 U.S.C. § 1103(c)(1); (3) breach of ERISA's prohibited transactions under 29 U.S.C. § 1106; and (4) failure to monitor fiduciaries. (*Id.* ¶¶ 35–57.)

AT&T Services moves to dismiss Hernandez's Complaint under Rule 12(b)(6), on the grounds that all causes of action fail as a matter of law. (Mot. 1–3, 8–9.) In addition to fully briefing the Motion, (Opp'n, Dkt. No. 23; Reply, Dkt. No. 28), both

parties submit multiple Notices of Supplemental Authority in support of or opposition to the Motion, (Dkt. Nos. 30, 32–34, 36–40). Hernandez objects to AT&T Services's Response to one of his Notices, arguing AT&T Services includes unauthorized argument in support of the Motion. (Pl.'s Obj. 1, Dkt. No. 34.) The Court sustains Hernandez's objection and disregards AT&T Services's unauthorized arguments. However, the Court does note the supplemental authority AT&T Services submits.

### III.    LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV. DISCUSSION

AT&T Services argues that Hernandez's "sweeping theories of liability . . . do not state a plausible claim for relief," and moves to dismiss all causes of action. (Mot. 9; *id.* at 1–3.)

### A. Breach of Fiduciary Duty & Failure to Monitor (Counts 1 & 4)

Hernandez claims that AT&T Services breached its fiduciary duties of loyalty and prudence, and its duty to comply with the text of the Plan, by applying forfeited funds to "decrease future employer contributions, instead of using those funds for the benefit of Plan participants." (Compl. ¶¶ 36–38.) Relatedly, Hernandez claims AT&T Services failed to monitor fiduciaries and permitted them to improperly use forfeited funds to offset employer contributions. (*Id.* ¶ 56.)

To state a claim for breach of fiduciary duty under ERISA, a plaintiff must allege that "(1) the defendant was a fiduciary,[4] (2) the defendant breached a fiduciary duty, and (3) the plaintiff suffered damages." *Bafford v. Northrop Grumman Corp.*, 994 F.3d 1020, 1026 (9th Cir. 2021). The duty of loyalty under ERISA requires a fiduciary to act "for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan." 29 U.S.C. § 1104(a)(1)(A). The duty of prudence under ERISA requires a fiduciary to act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." *Id.* § 1104(a)(1)(B). Finally, the duty to conform with the benefits plan under ERISA requires a fiduciary to act "in accordance with the documents and instruments governing the plan." *Id.* § 1104(a)(1)(D); *see Wright v. Or. Metallurgical Corp. (Or.*

---

[4] AT&T Services argues that Hernandez's breach of fiduciary duty claim fails because (1) Hernandez challenges a non-fiduciary settlor decision, and (2) he fails to plausibly allege any breach of fiduciary duty by AT&T Services. (Mot. 9–15.) The Court agrees with AT&T Services on the second point and finds that Hernandez fails to plausibly allege any breach of fiduciary duty. As such, the Court declines to reach AT&T Services's first argument, that it did not act as a fiduciary when applying forfeited funds and assumes for the purposes of this Motion that it did.

1 *Metallurgical)*, 360 F.3d 1090, 1100 (9th Cir. 2004) ("ERISA requires fiduciaries to comply with a plan as written unless it is inconsistent with ERISA."). Whether a fiduciary breached its duty is a "context specific" inquiry dependent on the particular facts at issue. *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014).

Hernandez does not dispute that the Plan expressly permits AT&T Services to apply forfeited funds to offset employer contributions. (Opp'n 13; *see* Plan § 9.5.) He also does not dispute that the law has historically allowed Plan Administrators to use forfeited funds to reduce employer contributions. (*See* Opp'n 14); *see also Hutchins v. HP Inc. (Hutchins II)*, 767 F. Supp. 3d 912, 923 (N.D. Cal. 2025) (noting "the long history of using forfeitures to reduce employer contributions"), *appeal filed*, No. 25-826 (9th Cir. Feb. 7, 2025); *Hutchins v. HP Inc. (Hutchins I)*, 737 F. Supp. 3d 851, 858–59, 863–64 (N.D. Cal. 2024) (finding that claims virtually identical to the claims at issue here were exceedingly implausible when considered in light of "over 38 years of settled rules regarding defined contribution plans"). Nevertheless, Hernandez argues that AT&T Services breached its fiduciary duties by consistently allocating forfeited funds to reduce employer contributions rather than pay administrative expenses. (Compl. ¶ 1; Opp'n 13–17.)

As numerous district courts in the Ninth Circuit and across the country have found, Hernandez's theory of liability "fails because it contravenes ERISA and decades of settled precedent." *Wright v. JPMorgan Chase & Co.*, No. 2:25-cv-00525-JLS (JCx), 2025 WL 1683642, at *4 (C.D. Cal. June 13, 2025) (collecting cases), *appeal filed*, No. 25-4235 (9th Cir. July 9, 2025); *Madrigal v. Kaiser Found. Health Plan, Inc.*, No. 2:24-cv-05191-MRA (JCx), 2025 WL 1299002, at *5 (C.D. Cal. May 2, 2025) (collecting cases).[5] The Court agrees with those courts that have found

---

[5] *See, e.g., Cano v. Home Depot, Inc.*, No. 1:24-cv-03793-TRJ, 2025 WL 2589567, at *5–6 (N.D. Ga. Aug. 26, 2025) ("Defendant's] actions align with decades of regulatory guidance . . . ."), *appeal filed*, No. 25-13158, (11th Cir. Sept. 11, 2025); *Cain v. Siemens Corp.*, No. CV 24-8730, 2025 WL 2172684, at *5 (D.N.J. July 31, 2025) ("The Court agrees with Defendant and a growing number of district court decisions in rejecting Plaintiff's theory of liability under ERISA.");

6

breach of fiduciary claims like Hernandez raises here "seek to stretch the fiduciary duties of loyalty and prudence beyond what ERISA requires." *Wright*, 2025 WL 1683642, at *5. Hernandez would require a fiduciary "given the option between using forfeited funds to pay administrative costs or to reduce employer contributions," to *always* "choose to pay administrative costs." *Hutchins I*, 737 F. Supp. 3d at 862; (*see* Compl. ¶¶ 20–22). This is simply not the law. ERISA requires fiduciaries to "protect contractually defined benefits." *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 100 (2013). It does not require that fiduciaries "maximize pecuniary benefits" or "resolve every issue of interpretation in favor of plan beneficiaries." *Or. Metallurgical*, 360 F.3d at 1100.

Hernandez's breach of fiduciary duty theory fails for the additional reason that it would create benefits beyond those promised in the Plan. "ERISA does no more than protect the benefits which are due to an employee under a plan." *Id.* Thus, a fiduciary fulfills its duty when it "ensures that participants have received their promised benefits." *Hutchins II*, 767 F. Supp. 3d at 924. Hernandez does not allege that any Plan participant has not received the benefits promised under the Plan. (*See generally* Compl.) He also identifies no Plan term that AT&T Services violated by applying forfeitures to offset employer contributions. (*See generally id.*) Nor could he, as it is undisputed that the Plan gives AT&T Services discretion to apply forfeitures exactly as it has done here. (Plan § 9.5.) As other district courts considering the same arguments have found, Hernandez's novel liability theory does not state an ERISA breach because it (1) "contravene[s] decades of federal regulations suggesting that using forfeitures to reduce employer contributions is entirely permissible," *Wright*, 2025 WL 1683642, at *5, and (2) "create[s] benefits beyond what was promised in the Plan itself," *Hutchins II*, 767 F. Supp. 3d at 923.[1]

---

[1] *McWashington v. Nordstrom, Inc.*, No. C24-1230 TSZ, 2025 WL 1736765, at *14 (W.D. Wash. June 23, 2025).

Therefore, the Court **DISMISSES** Hernandez's first cause of action for breach of fiduciary duty.

Hernandez concedes that his fourth cause of action for failure to monitor is derivative of his cause of action for breach of fiduciary duty. (Opp'n 18.) Indeed, "[a] failure to monitor claim is only viable when there is an underlying claim for breach of fiduciary duty." *Partida v. Schenker Inc.*, No. 22-cv-09192-AMO, 2024 WL 1354432, at *9 (N.D. Cal. Mar. 29, 2024). As Hernandez fails to allege a plausible breach of fiduciary duty claim, the Court also **DISMISSES** his fourth cause of action for failure to monitor.

## B.   Breach of ERISA's Anti-Inurement Provision (Count 2)

Hernandez also alleges that, by allocating forfeited funds to offset employer contributions, AT&T Services violates ERISA's anti-inurement provision, 29 U.S.C. § 1103(c)(1). (Compl. ¶ 45; Opp'n 17.)

ERISA provides that, subject to limited exceptions, "the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan." 29 U.S.C. § 1103(c)(1). The anti-inurement inquiry "focuses exclusively on whether fund assets were used to pay . . . benefits to plan participants." *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 442 (1999). Incidental benefits to the employer do not constitute a breach of the anti-inurement provision. *Id.* at 442–45; *see also Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon*, 541 U.S. 1, 22 (2004) (holding that § 1103(c)(1) "demands only that plan assets be held for supplying benefits to plan participants"). "In addition, claims under the anti-inurement provision usually require reversion or diversion of plan assets to the sponsor." *Hutchins I*, 737 F. Supp. 3d at 864–65.

Hernandez alleges that, "[b]y using Plan assets for its own benefit, to reduce its own future employer contributions to the Plan, thereby saving itself millions of dollars in contribution costs, [AT&T Services] caused the assets of the Plan to inure to the

8

benefit of the employer in violation of 29 U.S.C. § 1103(c)(1)." (Compl. ¶ 45.) But just as in the other cases Hernandez's attorneys have filed,[6] Hernandez does not allege that AT&T Services removed any of the forfeited assets at issue from the Plan or used them "for a purpose other than to pay its obligations to the Plan's beneficiaries." *Hughes Aircraft*, 525 U.S. at 442–43; *see, e.g.*, *Wright*, 2025 WL 1683642, at *5–6 (finding plaintiff failed to state an anti-inurement claim because she did not allege that defendants removed any of the forfeited assets from the Plan). "[Hernandez's] failure to allege that any assets left the Plan is sufficient to foreclose [his] claim." *Madrigal*, 2025 WL 1299002, at *6 (collecting cases).

Accordingly, the Court **DISMISSES** Hernandez's second cause of action for breach of ERISA's anti-inurement provision.

**C.     Breach of ERISA's Prohibited Transactions (Count 3)**

Finally, Hernandez alleges that AT&T Services violated ERISA's prohibited transactions provision by using forfeitures to reduce employer contributions because it constitutes self-dealing. (Compl. ¶¶ 48–51; Opp'n 17–18.)

ERISA identifies several types of prohibited transactions, all "common-sense safeguards designed to protect the integrity of the Plan." *Madrigal*, 2025 WL 1299002, at *6 (citing 29 U.S.C. § 1106(a)(2)). ERISA also prohibits certain "transactions between plan and fiduciary," including where a fiduciary "deal[s] with the assets of the plan in his own interest or for his own account." 29 U.S.C. § 1106(b). The transactions prohibited under § 1106 are "commercial bargains that present a special risk of plan underfunding" because they use plan assets in ways "that are potentially harmful to the plan." *Lockheed Corp. v. Spink*, 517 U.S. 882, 892–93 (1996). To allege a violation of § 1106, a plaintiff must identify an unlawful transaction. *Id.* at 888. "Unless a plaintiff can make that showing, there can be no violation . . . ." *Id.* at 888–89; *Or. Metallurgical*, 360 F.3d at 1101.

---

[6] If counsel plan to continue recycling their filings, they are advised to proofread future case submissions more closely. (*See* Opp'n 16–17 (arguing that "JPMorgan's" fiduciary decision to allocate forfeited funds violates ERISA).)

Hernandez alleges that AT&T Services engaged in a prohibited transaction when it used Plan assets "as a substitute for future employer contributions to the Plan." (Compl. ¶ 50.) In other words, AT&T Services allocated forfeited funds "to provide benefits to other employees through use as [employer] contributions." *Wright*, 2025 WL 1683642, at *6. Yet, providing benefits is not a "transaction" within the meaning of § 1106. *Lockheed*, 517 U.S. at 892–93. Similarly, reallocating funds within the Plan to ensure benefits is not a "commercial bargain" that places the Plan at "special risk" of underfunding. *Id.*; *see Dimou v. Thermo Fisher Scientific Inc.*, No. 23-cv-1732 TWR (JLB), 2024 WL 4508450, at *11 ("An intra-plan transaction, like forfeiture reallocation, is unlike a sale or leasing of property to a third-party." (citing *Lockheed*, 517 U.S. at 893)). Further, the Plan terms expressly authorize AT&T Services to allocate forfeited funds as it has done here. (Plan § 9.5 (authorizing use of forfeited funds to offset future employer contributions, among other things).) Therefore, AT&T Services's decision to use forfeited funds to reduce employer contributions is not a prohibited "transaction," but instead "merely a lawful decision to remain in full compliance with the explicit language of the Plan's terms." *Or. Metallurgical*, 360 F.3d at 1101.

Ultimately, Hernandez fails to state a claim for prohibited transactions within the meaning of § 1106 because he does not allege a prohibited "transaction" or that the forfeited funds were used in a prohibited manner. Accordingly, the Court **DISMISSES** Hernandez's third cause of action for breach of ERISA's prohibited transactions provision.

### D. Leave to Amend

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading

could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

As other courts have more fulsomely discussed, Hernandez's "ERISA claims rest on a misinterpretation of the Plan's terms and a novel legal theory that is unsupported by present law." *Wright*, 2025 WL 1683642, at *7; *Cano*, 2025 WL 2589567, at *7 ("[Plaintiff's] claims cannot overcome the plain language of the Plan documents or the weight of authority rejecting her theories of relief."); *Hutchins II*, 767 F. Supp. 3d at 923 ("The Court cannot agree with such a far-reaching theory . . . ."). Despite having the benefit of numerous rulings in similar ERISA cases rejecting the same arguments, Hernandez does not meaningfully address those decisions or explain why this case warrants a different outcome. He also does not request leave to amend. (*See generally* Opp'n.) In light of the above, the Court concludes that amendment would be futile. *Wright*, 2025 WL 1683642, at *7 ("Plaintiff had the benefit of drafting his Opposition *after* numerous rulings in similar ERISA cases, yet failed to meaningfully address those rulings."); *McWashington*, 2025 WL 1736765, at *15 (denying leave to amend as futile where plaintiff's theory of ERISA liability was based on misinterpretation of Plan terms and otherwise incognizable).

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Motion to Dismiss Hernandez's Complaint **WITHOUT LEAVE TO AMEND**. (Dkt. No. 19).

**IT IS SO ORDERED.**

November 14, 2025

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**