Joshua H. Haffner, Bar No. 222458
jhh@haffnerlawyers.com
Alfredo Torrijos, Bar No. 222458
at@haffnerlawyers.com
Vahan Mikayelyan, Bar No. 337023
vh@haffnerlawyers.com
**HAFFNER LAW PC**
15260 Ventura Blvd., Suite 1520
Sherman Oaks, CA 91403
Tel: +1.213.514.5681
Fax: + 1.213.514.5682

*Attorneys for Plaintiff Luis Hernandez and*
*All others similarly situated*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS HERNANDEZ, individually and as representative of a class of participants and beneficiaries and on behalf of the AT&T Retirement Savings Plan,<br><br>          Plaintiff,<br><br>     v.<br><br>AT&T SERVICES, INC.; and DOES 1-10, inclusive,<br><br>          Defendants. | Case No. 2:25-CV-00676-ODW-PVC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**<br><br>HON. OTIS D. WRIGHT II<br><br>Hearing Date: January 26, 2026<br>Time: 1:30 p.m.<br>Courtroom: 5D |

**NOTICE OF MOTION**

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on January 26, 2025 at 1:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom 5D of this Court, located at 350 W 1st St, Los Angeles, CA 90012, before the Honorable Otis D. Wright II, Plaintiff Jose Luis Hernandez, individually and on behalf of all others similarly situated, will and hereby do move this Court pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure for an Order granting extension of time to file notice of appeal. Plaintiff failed to meet the December 15, 2025 deadline to file notice of appeal, and subsequently filed his Notice of Appeal on December 17, 2025. [Dkt. No. 43.], 2 days after the deadline of December 15, 2025. Plaintiff respectfully requests an extension of time to file notice of appeal so that the Notice of Appeal filed on December 17, 2025 is considered timely.

Rule 4(a)(5) of the Federal Rules of Appellate Procedure provides:
(a) Appeal in a Civil Case.
(1) *Time for Filing a Notice of Appeal.*
(A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.
…
(5) *Motion for Extension of Time.*
(A) The district court may extend the time to file a notice of appeal if:
(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. Rules of App. Proc. 4(a)(1) and (5).

Plaintiffs respectfully submit that excusable neglect and/or good cause exists to grant the requested relief, as set forth in the accompanying Memorandum of Points and Authorities and in the accompanying Declaration of Vahan Mikayelyan.

[Mikayelyan Decl., ¶¶ 3-9.]  The factors outlined in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993) favors Plaintiff's request for relief outlined as follows:

1.    Defendant will not be prejudiced and cannot argue any danger of prejudice for only a 2-day delay;

2.    The 2-day delay is trivial and has no potential impact on judicial proceedings [Mikayelyan Decl. ¶¶ 3-9];

3.    The reason for the delay was the result of attorney's mistake, negligence, and inadvertence during an exceptionally busy period and weighs in favor of "excusable neglect" [*Id.*];

4.    The error was not intentional but was the result of mistake, negligence, and inadvertence [*Id.*].

This motion is based upon this Notice, the accompanying Memorandum of Law, the Declaration of Vahan Mikayelyan, any reply papers submitted, and such other arguments and evidence as may be presented at the hearing on this motion. This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on December 18, 2025.


Dated: December 19, 2025                HAFFNER LAW PC


                                        By: */s/ Vahan Mikayelyan*
                                        Joshua H. Haffner
                                        Alfredo Torrijos
                                        Vahan Mikayelyan

                                        *Attorney for Plaintiff Jose Luis Hernandez*

Joshua H. Haffner, Bar No. 222458
jhh@haffnerlawyers.com
Alfredo Torrijos, Bar No. 222458
at@haffnerlawyers.com
Vahan Mikayelyan, Bar No. 337023
vh@haffnerlawyers.com
**HAFFNER LAW PC**
15260 Ventura Blvd., Suite 1520
Sherman Oaks, CA 91403
Tel: +1.213.514.5681
Fax: + 1.213.514.5682

*Attorneys for Plaintiff Luis Hernandez and*
*All others similarly situated*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS HERNANDEZ, individually and as representative of a class of participants and beneficiaries and on behalf of the AT&T Retirement Savings Plan,<br><br>   Plaintiff,<br><br>  v.<br><br>AT&T SERVICES, INC.; and DOES 1-10, inclusive,<br><br>   Defendants. | Case No. 2:25-CV-00676-ODW-PVC<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**<br><br>HON. OTIS D. WRIGHT II<br><br>Hearing Date: January 26, 2026<br>Time: 1:30 p.m.<br>Courtroom: 5D |

**TABLE OF CONTENTS**

I.     INTRODUCTION ..................................................................................1

II.    RELEVANT PROCEDURAL HISTORY.....................................................2

III.   LEGAL STANDARD ..............................................................................2

IV.   RELIEF UNDER RULE 4(A)(5) OF THE FEDERAL RULES OF APPELLATE PROCEDURE IS WARRANTED.....................................................3

    A.    Defendant Will Not Be Prejudiced As A Result Of A 2-Day Delay............3

    B.    The 2-Day Delay Has No Potential Impact On Judicial Proceedings. .........4

    C.    The Reason for the Delay Was a Calendaring Error During an Exceptionally Busy Period. ......................................................................5

V.    CONCLUSION ......................................................................................6

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL

1

2

## TABLE OF AUTHORITIES

3

**Cases**

4

*Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004) ....................................................3, 5

5

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380

6

    (1993)..............................................................................................................1, 3

7

*Salazar v. Select Portfolio Servicing, Inc.*, 2025 WL 1424369 (E.D.

8

    Cal. May 16, 2025) ...............................................................................................4

9

**Rules**

10

Rule 4(a)(5) of the Federal Rules of Appellate Procedure .............................1, 2, 3, 6

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR EXTENSION OF TIME TO
FILE NOTICE OF APPEAL

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.    INTRODUCTION**

3      This case arises from novel legal theory that Defendant AT&T Services,

4  Inc.'s ("AT&T Services" or "Defendant"), as alleged in the complaint, misuse of

5  Plan assets—consisting of forfeited contributions from the AT&T Retirement

6  Savings Plan ("Plan").

7      Plaintiffs Jose Luis Hernandez ("Plaintiff"), respectfully moves this Court

8  pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure for an Order

9  granting extension of time to file notice of appeal. Due to counsel's mistake,

10  inadvertence and excusable neglect, Plaintiff failed to meet the December 15, 2025

11  deadline and subsequently filed his Notice of Appeal on December 17, 2025. [Dkt.

12  No. 43.], 2 days after the deadline of December 15, 2025. Plaintiffs respectfully

13  request Extension of Time to File Notice of Appeal and consider the Notice of

14  Appeal filed on December 17, 2025 timely.

15      Plaintiffs respectfully submit that good cause exists to grant the requested

16  relief, since the factors outlined in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*

17  *P'ship*, 507 U.S. 380 (1993) favors Plaintiff's request for relief. Specifically: 1.

18  Defendant will not be prejudiced and cannot argue any danger of prejudice for only

19  a 2-day delay; 2. The 2-day delay is trivial and has no potential impact on judicial

20  proceedings [Declaration of Vahan Mikayelyan in Support of Plaintiff's Motion for

21  Extension of Time to File Notice of Appeal ["Mikayelyan Decl."] at ¶¶ 3-9]; 3. The

22  reason for the delay was the result of attorney's mistake, negligence, and

23  inadvertence during an exceptionally busy period and weighs in favor of "excusable

24  neglect" [*Id.*] and; 4. The error was not intentional but was the result of mistake,

25  negligence, and inadvertence [*Id.*].

26      Accordingly, Plaintiffs respectfully request the Court find excusable neglect

27  and/or good cause under Rule 4(a)(5) of the Federal Rules of Appellate Procedure

28

- 1 -

and grant Plaintiff's request of Extension of Time to File Notice of Appeal and
consider the Notice of Appeal filed on December 17, 2025 timely.

## II.    RELEVANT PROCEDURAL HISTORY

Plaintiff filed this Action on January 27, 2025, in United States District Court
Central District Of California [Dkt. No. 1].  On February 21, 2025, the Parties
stipulated to extend Defendant's response deadline to Plaintiff's complaint by 30
days, without Court order per Local Civil Rules, Rule 8-3, rendering March 28,
2025, as deadline for the Defendant's responsive pleading [Dkt. No. 15.] On March
24, 2025, the Parties submitted second stipulation for Extension of Time to File
Response to Complaint [Dkt. No. 17], which was granted on the same day, moving
the deadline to April 4, 2025 [Dkt. No. 18]. On April 4, 2025, Defendant filed its
Motion to Dismiss Plaintiff's complaint [Dkt. No. 19.] Plaintiff filed his opposition
to Defendant's motion to dismiss the complaint on May 8, 2025 [Dkt. No. 23.]
Defendant submitted its reply on May 30, 2025 [Dkt. No. 18.]

On November 14, 2025, the Court granted the Motion to Dismiss Plaintiff's
Complaint without leave to amend [Dkt. No. 41.] The Judgement was entered the
same day [Dkt. No. 42.] On December 17, 2025, Plaintiff filed his Notice of
Appeal.

## III.    LEGAL STANDARD

Rule 4(a)(5) of the Federal Rules of Appellate Procedure provides:
> (a) Appeal in a Civil Case.
> (1) *Time for Filing a Notice of Appeal.*
> (A) In a civil case, except as provided in Rules 4(a)(1)(B),
> 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed
> with the district clerk within 30 days after entry of the judgment or
> order appealed from.
>
> …
> (5) *Motion for Extension of Time.*
> (A) The district court may extend the time to file a notice of
> appeal if:

1
2
3
4

          (i) a party so moves no later than 30 days after the time
prescribed by this Rule 4(a) expires; and
          (ii) regardless of whether its motion is filed before or during the
30 days after the time prescribed by this Rule 4(a) expires, that party
shows excusable neglect or good cause.

5

Fed. Rules of App. Proc. 4(a)(1) and (5).

6
7
8
9
10
11
12
13
14
15
16
17

      The *Pioneer* addresses when relief under rule 4(a) should be granted. The decision arose in the bankruptcy context and involved the "bar date" for the filing of claims. *Pioneer, supra*, 507 U.S. 380 at 395. The Court in *Pioneer* established a four-part balancing test for determining whether there had been "excusable neglect" within the meaning of Federal Rule of Bankruptcy Procedure 9006(b)(1). *Id.* "The Court also reviewed various contexts in which the phrase appeared in the federal rules of procedure and made it clear the same test applies in all those contexts. The *Pioneer* factors include: (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (Internal citations omitted).

18
19

## IV.   RELIEF UNDER RULE 4(A)(5) OF THE FEDERAL RULES OF APPELLATE PROCEDURE IS WARRANTED

20
21
22

      Plaintiffs respectfully submit that good cause exists to grant the requested relief, since the factors outlined in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993) favors Plaintiff's request for relief.

23

### A.   Defendant Will Not Be Prejudiced As A Result Of A 2-Day Delay.

24
25

      Defendant will not be prejudiced and cannot argue any danger of prejudice for only a 2-day delay in filing Plaintiff's Notice of Appeal.

26
27

      No other significant litigation deadlines will be impacted by Plaintiff's request, as no deadlines exist as a result of dismissal of the Action. Defendant faces

28

- 3 -

no disadvantage in its ability to litigate this matter effectively by the granting of this motion.

Thus, there is no prejudice in allowing the extension under these circumstances, and accept already filed notice of appeal as timely.

Accordingly, Defendant will face no prejudice from the requested relief.

## B.    The 2-Day Delay Has No Potential Impact On Judicial Proceedings.

The delay in filing the notice of appeal was only two days beyond the prescribed deadline. This brief lapse is insignificant in the context of the overall litigation and does not affect the integrity or efficiency of the judicial process. The case has already been dismissed, and no further deadlines or scheduled proceedings remain. As a result, the two-day delay does not interfere with any existing court schedule, does not prejudice the opposing party, and does not hinder the Court's ability to manage its docket effectively. In short, the delay is purely procedural and has no substantive effect on the rights of any party or the orderly administration of justice.

A 2-day delay is minor and constitutes "excusable neglect" under the circumstances here, and/or good cause for the relief requested. Courts have recognized that short delays caused by calendaring errors constitute "excusable neglect" under Federal Rule of Appellate Procedure 4(a)(5). See *Salazar v. Select Portfolio Servicing, Inc.*, 2025 WL 1424369, at *5 (E.D. Cal. May 16, 2025) (finding that the procedurally defective service of the motion to dismiss on Plaintiff due to an apparent scrivener's error, such as a calendaring mistake which Defendant attempted to correct within two days—constitutes excusable neglect].

In light of the foregoing, the two-day delay in filing the notice of appeal is both minimal and inconsequential. It does not disrupt the judicial process, prejudice

- 4 -

the opposing party, or interfere with any existing deadlines, as the Action has already been dismissed and no further proceedings are scheduled.

### C.    The Reason for the Delay Was a Calendaring Error During an Exceptionally Busy Period.

In *Pincay*, the Ninth Circuit, sitting en banc, affirmed the district court's excusal of a calendaring mistake that caused an attorney to miss the thirty-day deadline for filing an appeal. *Pincay v. Andrews*, 389 F.3d 853, 856 (9th Cir. 2004). After looking at issues including both the lack of any prejudice and the absence of any bad faith in the calendaring error at issue, the *Pincay* court determined that the district court did not abuse its discretion in allowing the attorney to file for an extension. *Id.*

As explained in the supporting declaration, counsel's error was not intentional but resulted from mistake, negligence, and inadvertence during an extremely busy period. (Mikayelyan Decl. at ¶¶ 4–8.) Counsel was preparing for trial, that was scheduled to begin November 21, 2025,  and attending a Final Status Conference in another matter on the same day judgment was entered in this case (Mikayelyan Decl. at ¶ 3-4).Counsel also travelled to Sacramento for a full-day deposition in an unrelated case (Mikayelyan Decl. at ¶ 5). Amid these overlapping obligations, counsel mistakenly and/or inadvertently miscalendared the appeal deadline by applying a state court rule allowing two additional days for electronic service—a practice that does not apply in federal court (Mikayelyan Decl. at  ¶¶ 6–7). This was a negligent calendaring mistake, not a deliberate act, and occurred despite counsel's good faith efforts to manage multiple pressing responsibilities (Mikayelyan Decl. at ¶ 8).

The Ninth Circuit's decision in *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004), makes clear that a calendaring mistake—particularly one made in good faith and without prejudice to the opposing party—can constitute "excusable neglect"

under Rule 4(a)(5). Here, as detailed in the Declaration of Vahan Mikayelyan, the delay was caused by an inadvertent and negligent calendaring error during an exceptionally demanding litigation schedule, not by bad faith or intentional disregard of the rules. (Mikayelyan Decl. at ¶¶ 3–8.) The error was promptly addressed, the delay was only two days, and Defendant suffers no prejudice as a result. (Mikayelyan Decl. at ¶ 9.)

Under these circumstances, and consistent with *Pincay* and other authorities, Plaintiff respectfully requests that the Court grant the Motion for Extension of Time to File Notice of Appeal.

## V.    CONCLUSION

For the foregoing reasons, and based on the circumstances detailed in counsel's declaration, Plaintiff respectfully requests that the Court grant the Motion for Extension of Time to File Notice of Appeal pursuant to FRAP 4(a)(5).

Dated: December 19, 2025          HAFFNER LAW PC


                                  By: */s/ Vahan Mikayelyan*
                                  Joshua H. Haffner
                                  Alfredo Torrijos
                                  Vahan Mikayelyan

                                  *Attorney for Plaintiff Jose Luis*
                                  *Hernandez*

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff Luis Hernandez certifies that this brief contains 1,931 words, which complies with the word limit of L.R. 11-6.1.

Executed on December 19, 2025.


Dated: December 19, 2025          */s/ Vahan Mikayelyan*
                                    Vahan Mikayelyan

- 1 -

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system on December 19, 2025. I further certify that all participants in the case are registered CM/ ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: December 19, 2025                  */s/ Vahan Mikayelyan*
                                          Vahan Mikayelyan

- 2 -