CATALINA J. VERGARA (SBN #223775)
cvergara@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 430-6000

MEAGHAN VERGOW (*pro hac vice*)
mvergow@omm.com
DEANNA RICE (*pro hac vice*)
derice@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
Telephone: (202) 383-5300

WILLIAM POLLAK (SBN #293654)
wpollak@omm.com
O'MELVENY & MYERS LLP
1301 Avenue of the Americas, Suite 1700
New York, NY 10019
Telephone: (212) 728-5994

*Counsel for Defendant AT&T Services, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUIS HERNANDEZ, individually and as representative of a class of participants and beneficiaries and on behalf of the AT&T Retirement Savings Plan,<br><br>Plaintiff,<br><br>v.<br><br>AT&T SERVICES, INC.; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:25-CV-00676-ODW-PVC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**<br><br>Hon. Otis D. Wright II<br>Hearing Date: January 26, 2026<br>Time: 1:30 p.m.<br>Courtroom: 5D |

**TABLE OF CONTENTS**

Page

INTRODUCTION ............................................................................................... 1

LEGAL STANDARD ........................................................................................ 1

ARGUMENT ..................................................................................................... 2

CONCLUSION .................................................................................................. 4

# TABLE OF AUTHORITIES

Page

**CASES**

*Advocs. for Individuals with Disabilities, LLC v. MidFirst Bank*,
 2018 WL 3545291 (D. Ariz. July 24, 2018) ............................................................. 2

*Betts v. Goodwin*,
 2025 WL 1477092 (C.D. Cal. Apr. 24, 2025) .......................................................... 2

*Davis v. Johnson*,
 2007 WL 1834846 (E.D. Cal. June 26, 2007) .......................................................... 4

*De Leon v. Ford Motor Co.*,
 2020 WL 5118071 (C.D. Cal. June 15, 2020) .......................................................... 4

*Deleon v. Denny's Inc.*,
 2020 WL 4873868 (C.D. Cal. July 22, 2020) .......................................................... 3

*Gonzales v. Regents of Univ. of Cal.*,
 2024 WL 5424396 (C.D. Cal. July 30, 2024) .......................................................... 2

*In re Veritas Software Corp. Sec. Litig.*,
 496 F.3d 962 (9th Cir. 2007) .................................................................................... 4

*Indie Caps LLC v. Ackerman*,
 2024 WL 2300549 (D. Ariz. May 21, 2024) ........................................................ 2, 4

*Khan v. Seton*,
 2021 WL 8918566 (C.D. Cal. Dec. 7, 2021) ............................................................ 2

*Kyle v. Campbell Soup Co.*,
 28 F.3d 928 (9th Cir. 1994), *as amended on denial of reh'g* (Apr. 8,
 1994) ..................................................................................................................... 3, 4

*Laskay v. New Line Cinema Corp.*,
 230 F.3d 1367 (9th Cir. 2000) .................................................................................. 3

*Lee v. Ecclesia, LLC*,
 2020 WL 4596950 (C.D. Cal. Aug. 11, 2020) ......................................................... 3

*Levy v. United States*,
 2023 WL 5599608 (N.D. Cal. Aug. 28, 2023) ......................................................... 2

*Medina v. Wells Fargo Bank, N.A.*,
 2016 WL 2944295 (C.D. Cal. May 20, 2016) .......................................................... 4

*Melendres v. Maricopa Cnty.*,
 815 F.3d 645 (9th Cir. 2016) .................................................................................... 1

*Nwafor v. United States*,
 2014 WL 6682626 (C.D. Cal. Nov. 25, 2014) ..................................................... 1, 3

DEFS.' OPP'N TO MOT.
FOR EXTENSION OF TIME
NO. 2:25-CV-00676-ODW-PVC

# TABLE OF AUTHORITIES
## (continued)

Page

*Pincay v. Andrews*,
    389 F.3d 853 (9th Cir. 2004) ............................................................... 2, 4

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*,
    507 U.S. 380 (1993) ........................................................................... 1, 3

*Robertson v. FedEx Nat'l LTL, Inc.*,
    2010 WL 10020690 (C.D. Cal. Jan. 5, 2010) ......................................... 3

*Rosen v. Woods*,
    2024 WL 2148736 (9th Cir. May 9, 2024) .......................................... 1, 3

*Smith v. United States*,
    425 F.2d 173 (9th Cir. 1970) ................................................................. 3

*Speiser, Krause & Madole P.C. v. Ortiz*,
    271 F.3d 884 (9th Cir. 2001) ................................................................. 3

*Strategic Execs. Agency, LLC v. Avalere Health, LLC*,
    2020 WL 4354228 (C.D. Cal. May, 29, 2020) ....................................... 4

*United States v. Avendano-Camacho*,
    786 F.2d 1392 (9th Cir. 1986) ............................................................... 3

*United States v. Prairie Pharmacy, Inc.*,
    921 F.2d 211 (9th Cir. 1990) ................................................................. 3

*Williams v. Lujan*,
    2018 WL 3861655 (N.D. Cal. Aug. 14, 2018) ....................................... 2

*Zapler v. Ford Motor Co.*,
    2025 WL 1543604 (C.D. Cal. Feb. 4, 2025) .......................................... 2

**OTHER AUTHORITIES**

20 *Moore's Federal Practice* § 304.14[2][a] ................................................ 2

**RULES**

Fed. R. App. P. 4(a)(1) ................................................................................. 1

## INTRODUCTION

Plaintiff missed the deadline to file a notice of appeal in this case and now seeks a retroactive extension of time under Federal Rule of Appellate Procedure 4(a)(5).[1] Plaintiff's excuse for missing the deadline is "[his] attorney's mistake, negligence, and inadvertence." Mot. 1. But, as this Court has recognized, "[t]he weight of Ninth Circuit authority firmly rejects the notion that the negligence of counsel constitutes excusable neglect." *Nwafor v. United States*, 2014 WL 6682626, at *5 (C.D. Cal. Nov. 25, 2014) (Wright, J.); *see, e.g.*, *Rosen v. Woods*, 2024 WL 2148736, at *1 (9th Cir. May 9, 2024). It makes no difference that counsel's mistake assertedly occurred "during an extremely busy period," Mot. 5, or that counsel assertedly misapplied "a state court rule allowing two additional days for electronic service." *Id.* Courts have repeatedly held that these explanations fall short of Rule 4(a)(5)'s standard.

## LEGAL STANDARD

Federal Rule of Appellate Procedure 4(a)(1) provides that a notice of appeal in a civil case "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1). The purpose of the thirty-day deadline is "to set a definite point of time when litigation shall be at an end, unless within that time the prescribed application has been made." *Melendres v. Maricopa Cnty.*, 815 F.3d 645, 649 (9th Cir. 2016). The district court may grant a party's timely request to extend the deadline to file a notice of appeal only if "that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5). In general, a court assesses whether neglect is excusable based on four factors established in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 388 (1993): "(1) the danger of prejudice to the opposing party, (2) the

---

[1] "Plaintiff" refers to plaintiff Jose Luis Hernandez. "Defendants" refers to Defendant AT&T Services, Inc. ("AT&T Services") and Does 1-10. "Mot." refers to Plaintiff's Memorandum of Points and Authorities in Support of Motion for Extension of Time to File Notice of Appeal, ECF No. 44. Unless otherwise noted, all quotations and citations are omitted and emphases are added.

length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Gonzales v. Regents of Univ. of Cal.*, 2024 WL 5424396, at *2 (C.D. Cal. July 30, 2024); *see also Pincay v. Andrews*, 389 F.3d 853, 858 (9th Cir. 2004) (en banc).  As the party seeking an extension, Plaintiff bears the burden of demonstrating that his neglect was excusable.  *See Advocs. for Individuals with Disabilities, LLC v. MidFirst Bank*, 2018 WL 3545291, at *16 (D. Ariz. July 24, 2018) (citing 20 *Moore's Federal Practice* § 304.14[2][a]).

Ultimately, "[t]he decision whether to grant a motion to extend the time to appeal is entrusted to the discretion of the district court." *Betts v. Goodwin*, 2025 WL 1477092, at *1 (C.D. Cal. Apr. 24, 2025); *see also Williams v. Lujan*, 2018 WL 3861655, at *6 (N.D. Cal. Aug. 14, 2018) ("The weighing of *Pioneer*'s equitable factors is left to the discretion of the district court in every case.").  Not every *Pioneer* factor must weigh against the movant to deny relief.[2]  Instead, "the reason for the delay [is] the most important factor" and alone can support rejection of untimely filings.  *Khan v. Seton*, 2021 WL 8918566, at *2 (C.D. Cal. Dec. 7, 2021); *see also Zapler v. Ford Motor Co.*, 2025 WL 1543604, at *4 (C.D. Cal. Feb. 4, 2025) ("[T]he reason for delay is the most important factor that does most of the work in a *Pioneer* analysis.").

## ARGUMENT

The Court should exercise its discretion to deny Plaintiff's motion because Plaintiff has not demonstrated that his failure to meet the deadline was excusable.  To the contrary, Plaintiff admits that "[t]he reason for the delay was the result of

---

[2] *See Indie Caps LLC v. Ackerman*, 2024 WL 2300549, at *3 (D. Ariz. May 21, 2024) (denying motion to extend time even though "*Pioneer* factors two and four favor[ed] granting an extension" because there was no adequate justification for the delay); *Levy v. United States*, 2023 WL 5599608, at *4 (N.D. Cal. Aug. 28, 2023) (denying relief "[d]espite the lack of bad faith and serious prejudice" because the "length of delay and inadequacy of Plaintiff's reasons for delay compel[led] denial of relief").

[his] attorney's mistake, negligence, and inadvertence," Mot. 1, and the Ninth Circuit and this Court have consistently made clear that a mistake by counsel does not amount to excusable neglect under the federal rules. *Nwafor*, 2014 WL 6682626, at *5; *see also Rosen*, 2024 WL 2148736, at *1 ("We have long held that mistake of counsel is not grounds for excusable neglect.") (citing *United States v. Prairie Pharmacy, Inc.*, 921 F.2d 211, 213 (9th Cir. 1990)); *United States v. Avendano-Camacho*, 786 F.2d 1392, 1394 (9th Cir. 1986) (holding that "attorney neglect has not been seen as providing a basis for relief" from Rule 4(b)); *Smith v. United States*, 425 F.2d 173, 174 (9th Cir. 1970) (dismissing appeal where attorney failed to file notice after informing defendant that it would be filed).

To start, Plaintiff states that his counsel miscalendared the deadline to appeal because, in November, his counsel was "preparing for trial" and traveling for a deposition. Mot. 5. But courts have repeatedly held that "failing to calendar or miscalendaring a deadline is not excusable neglect." *Deleon v. Denny's Inc.*, 2020 WL 4873868, at *3 (C.D. Cal. July 22, 2020).[3] Moreover, the deadline for the notice of appeal was December 15, 2025—more than three weeks after his counsel's trial preparation and travel concluded on November 21, 2025. *See id.* In any event, as the Ninth Circuit has recognized, "[t]he demands of a busy law practice cannot support a finding of excusable neglect." *Laskay v. New Line Cinema Corp.*, 230 F.3d 1367 (9th Cir. 2000); *see also Pioneer*, 507 U.S. at 398

---

[3] Similarly, Plaintiffs' counsel's misapplication of "a state court rule allowing two additional days for electronic service," Mot. 5, does not justify missing a deadline set forth in the federal rules. *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir. 1994), *as amended on denial of reh'g* (Apr. 8, 1994) (holding that counsel's mistaken addition of three days for service by mail did not constitute excusable neglect because "the Local Rules and Rule 6(e) of the Federal Rules of Civil Procedure []were not ambiguous[;] . . . [t]his form of neglect was not excusable"); *see Pioneer*, 507 U.S. at 392 ("[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."); *Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 886 (9th Cir. 2001) (same); *see also Lee v. Ecclesia, LLC*, 2020 WL 4596950, at *3 (C.D. Cal. Aug. 11, 2020) ("[A] mistake interpreting and applying Local Rules like calendaring deadlines[] does not generally amount to excusable neglect[.]"); *Robertson v. FedEx Nat'l LTL, Inc.*, 2010 WL 10020690, at *5 (C.D. Cal. Jan. 5, 2010) (same).

1. ("[W]e give little weight to the fact that counsel was experiencing upheaval in his law practice at the time of the [deadline]."); *Strategic Execs. Agency, LLC v. Avalere Health, LLC*, 2020 WL 4354228, at *5 (C.D. Cal. May, 29, 2020) (same); *Davis v. Johnson*, 2007 WL 1834846, at *2 (E.D. Cal. June 26, 2007) (same); *Medina v. Wells Fargo Bank, N.A.*, 2016 WL 2944295, at *2 (C.D. Cal. May 20, 2016) (Wright, J.) (denying request for extension to file a notice of appeal and collecting cases).

The sole authority cited by Plaintiff—*Pincay v. Andrews*—merely stands for the proposition that there is no "*per se* rule" *preventing* courts from allowing an extension due to a calendaring error. 389 F.3d at 859; *see also De Leon v. Ford Motor Co.*, 2020 WL 5118071, at *2 (C.D. Cal. June 15, 2020). But nothing in *Pincay* suggests that an extension is mandatory under these circumstances. To the contrary, the *Pincay* court noted that "[h]ad the district court declined to permit the filing of the notice, we would be hard pressed to find any rationale requiring us to reverse." 389 F.3d at 859. In the end, a calendaring error is "merely a factor for the Court to consider in making its equitable discretionary decision." *De Leon*, 2020 WL 5118071, at *2. And, again, this Court and numerous others have done just that, repeatedly holding that a mistake does not amount to excusable neglect—even when there is minimal prejudice and no impact on the proceedings. *Supra* at 3; *see In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973-74 (9th Cir. 2007) (affirming order holding that failure to timely file the motion was not excusable neglect even though the length of delay was not great and there was no prejudice); *Kyle*, 28 F.3d at 932 (affirming decision denying request for extension even though the delay was only 3 days and there was no prejudice because "a mistake of law does not constitute excusable neglect"); *see also Indie*, 2024 WL 2300549, at *3.

## CONCLUSION

Defendants respectfully submit that this Court should exercise its discretion to deny Plaintiff's motion to extend the deadline to file a notice of appeal.

|   |   |   |
|---|---|---|
| Dated: January 6, 2026 | | O'MELVENY & MYERS LLP |
| | | By: */s/ Catalina Vergara* |
| | | Catalina J. Vergara |
| | | Attorney for Defendants |

**CERTIFICATE OF SERVICE**

I certify that on January 6, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which automatically services all counsel of record for the parties who have appeared.

Dated: January 6, 2026          */s/ Catalina Vergara*
                                Catalina J. Vergara