Joshua H. Haffner, Bar No. 222458
jhh@haffnerlawyers.com
Alfredo Torrijos, Bar No. 222458
at@haffnerlawyers.com
Vahan Mikayelyan, Bar No. 337023
vh@haffnerlawyers.com
**HAFFNER LAW PC**
15260 Ventura Blvd., Suite 1520
Sherman Oaks, CA 91403
Tel: +1.213.514.5681
Fax: + 1.213.514.5682

*Attorneys for Plaintiff Luis Hernandez and*
*All others similarly situated*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS HERNANDEZ, individually and as representative of a class of participants and beneficiaries and on behalf of the AT&T Retirement Savings Plan,<br>Plaintiff,<br>v.<br>AT&T SERVICES, INC.; and DOES 1-10, inclusive,<br>Defendants. | Case No. 2:25-CV-00676-ODW-PVC<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**<br><br>HON. OTIS D. WRIGHT II<br><br>Hearing Date: January 26, 2026<br>Time: 1:30 p.m.<br>Courtroom: 5D |

## TABLE OF CONTENTS

I.    INTRODUCTION ....................................................................................1

II.   RELEVANT PROCEDURAL BACKGROUND .................................1

III.  THE NOTICE OF APPEAL WAS TIMELY FILED; THE MOTION
IS  TECHNICALLY MOOT ........................................................................2

    A.   The Deadline Runs from Entry of Judgment.....................................2

    B.   Judgment Was Entered on November 17, 2025. ...............................3

    C.   The Notice of Appeal Was Filed on Day 30. ...................................3

IV.   EVEN IF UNTIMELY, THE *PIONEER* FACTORS MANDATE
RELIEF UNDER *PINCAY* ........................................................................3

    1.   Defendant Identifies No Cognizable Prejudice (Pioneer Factor
    One).     4

    2.   The Delay Was Minimal and Had No Impact on the Proceedings
    (Pioneer Factor Two).........................................................................5

    3.   The Reason for the Delay Supports Relief When Considered in
    Context, and Defendant's Authorities Are Distinguishable (Pioneer Factor
    Three).    5

    4.   Plaintiff Acted in Good Faith and Promptly Sought to Cure Any
    Potential Defect (Pioneer Factor Four)..............................................8

    5.   Balancing the Pioneer Factors, the Court Should Grant the
    Requested Two-Day Extension. .........................................................9

V.    CONCLUSION ......................................................................................9

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR EXTENSION OF TIME
TO FILE NOTICE OF APPEAL

# TABLE OF AUTHORITIES

*Cases*

*Allah v. Superior Court of State of Cal.*, 871 F.2d 887 (9th Cir. 1989) ..................2

*Corrigan v. Bargala*, 140 F.3d 815 (9th Cir. 1998) ...........................................3

*D & S Family Preservation Tr. v. United States*, 2 F. Supp. 2d 1320
(D. Or. 1998) ..............................................................................9

*Davis v. Johnson*, 2007 WL 1834846 (E.D. Cal. June 26, 2007) .............................7

*De Leon v. Ford Motor Co.*, 2020 WL 5118071 (C.D. Cal. June 15,
2020) .......................................................................................7

*Deleon v. Denny's Inc.*, 2020 WL 4873868 (C.D. Cal. July 22, 2020) ....................7

*Galfayan v. State Farm Gen. Ins. Co.*, 2024 WL 5317267 (C.D. Cal.
Apr. 23, 2024)............................................................................9

*Gonzales v. Regents of Univ. of Cal.*, 2024 WL 5424396 (C.D. Cal.
July 30, 2024) ...........................................................................6

In re Veritas Software Corp. Securities Litigation ,496 F.3d 962 (9th
Cir. 2007)................................................................................6

*Khan v. Seton*, 2021 WL 8918566 (C.D. Cal. Dec. 7, 2021) ...................................7

*Kyle v. Campbell Soup Co.,* 28 F.3d 928 (9th Cir. 1994)..........................................6

*Laskay v. New Line Cinema Corp.*, 230 F.3d 1367 (9th Cir. 2000)..........................8

*Lee v. Ecclesia, LLC*, 2020 WL 4596950 (C.D. Cal. Aug. 11, 2020).......................7

*Levy v. United States*, 2023 WL 5599608 (N.D. Cal. Aug. 28, 2023) ..................5, 7

*Medina v. Wells Fargo Bank, N.A.*, 2016 WL 2944295 (C.D. Cal. May
20, 2016)..................................................................................7

*Melendres v. Maricopa Cnty.*, 815 F.3d 645 (9th Cir. 2016)...................................6

*Nwafor v. United States*, 2014 WL 6682626 (C.D. Cal. Nov. 25, 2014)................6

- 3 -

*Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004) (en banc) .................................. 4, 5

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380
    (1993) ................................................................................................ 4, 6, 9

*Robertson v. FedEx Nat'l LTL, Inc.*, 2010 WL 10020690 (C.D. Cal.
    Jan. 5, 2010) ............................................................................................... 7

*Rosen v. Woods*, 2024 WL 2148736 (9th Cir. May 15, 2024) .................................. 6

*Salazar v. Select Portfolio Servicing, Inc.*, 2025 WL 1424369 (E.D.
    Cal. May 16, 2025) ................................................................................... 5, 8

*Smith v. United States*, 425 F.2d 173, 175 (9th Cir. 1970) ................................... 8

*Strategic Executives Agency, LLC v. Avalere Health, LLC*, 2020 WL
    4354228 (C.D. Cal. May 29, 2020) ........................................................... 7

*United States v. Avendano-Camacho*, 786 F.2d 1392 (9th Cir. 1986) ...................... 8

*United States v. Prairie Pharmacy, Inc.*, 921 F.2d 211 (9th Cir. 1990) .................. 8

*Vernon v. Heckler*, 811 F.2d 1274 (9th Cir. 1987) ............................................... 2

*Williams v. Lujan*, 2018 WL 3861655 (N.D. Cal. Aug. 14, 2018) ........................... 4

*Zapler v. Ford Motor Co.*, 2025 WL 1543604 (C.D. Cal. Feb. 4, 2025) ................. 7

**Rules**

C.D. Cal. L.R. 7-9 .............................................................................................. 2

Federal Rule of Appellate Procedure 4(a)(1)(A) .......................................................... 2

Federal Rule of Appellate Procedure 4(a)(5) ...................................................... 1, 4, 8

Federal Rule of Appellate Procedure 4(a)(7)(A)(ii) ................................................. 2, 3

Federal Rules of Civil Procedure 58 and 79(a) ...................................................... 2, 3

- 4 -

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR EXTENSION OF TIME

TO FILE NOTICE OF APPEAL

## I.    INTRODUCTION

Plaintiff respectfully submits this reply in support of his Motion for Extension of Time to File Notice of Appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5). (Dkt. 44.)

The motion was filed out of an abundance of caution. The docket reflects that the Court's separate Judgment was entered on November 17, 2025 (Dkt. 42), and Plaintiff filed his Notice of Appeal on December 17, 2025 (Dkt. 43). Under Rule 4(a)(1)(A), that filing was within 30 days of entry of judgment and is timely. The Court may deny the motion as moot or confirm timeliness through an order.

If, however, the Court accepts Defendant's premise that the appeal period expired on December 15, 2025 (Opp. at 1–2), Rule 4(a)(5) authorizes a limited extension upon a showing of excusable neglect. Plaintiff seeks only a two-day extension—through December 17, 2025—and moved promptly. (Dkt. 44; Mikayelyan Decl. ¶ 8.)  The equitable factors identified in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership* and applied in *Pincay v. Andrews* favor relief: Defendant suffers no cognizable prejudice; the delay was minimal and had no impact on proceedings; Plaintiff acted promptly and in good faith; and the reason for the delay reflects, at worst, a brief calendaring mistake during an unusually demanding trial-preparation period. Defendant's opposition relies on decisions denying discretionary relief in materially different contexts— often involving much longer delays, repeated noncompliance, or the absence of any timely Rule 4(a)(5) motion—and none compels denial here.

## II.    RELEVANT PROCEDURAL BACKGROUND

On November 14, 2025, the Court issued its Order granting Defendant's motion to dismiss and directing entry of judgment. (Dkt. 41.) The docket reflects that both the Order and the separate Judgment were entered on November 17, 2025. (Dkts. 41–42.) Plaintiff filed a Notice of Appeal on December 17, 2025. (Dkt. 43.) On December 19, 2025, Plaintiff filed the present motion seeking an extension

- 1 –

2    through December 17, 2025 in the event the deadline is deemed to have expired on
     December 15, 2025. (Dkt. 44.)

3         Defendant filed its opposition on January 6, 2026. (Dkt. 45.) Under Local
4    Rule 7-9, oppositions were due on January 5, 2026 for a January 26, 2026 hearing.
5    See C.D. Cal. L.R. 7-9.

6    **III.    THE NOTICE OF APPEAL WAS TIMELY FILED; THE MOTION IS**
7    **        TECHNICALLY MOOT**

8         Before addressing the excusable neglect standard, the Court should look to
9    the plain language of the Federal Rules. Plaintiff's counsel filed this motion out of
10   an abundance of caution, calculating the deadline based on the "Date Terminated"
11   listed on the docket header (November 14, 2025). However, the controlling date is
12   the date of **entry**.

13        **A.    The Deadline Runs from Entry of Judgment.**

14        Federal Rule of Appellate Procedure 4(a)(1)(A) requires a notice of appeal to
15   be filed "within 30 days after *entry* of the judgment or order appealed from."
16   (Emphasis added). A judgment is deemed "entered" when it is set forth on a
17   separate document and entered in the civil docket. Federal Rule of Appellate
18   Procedure 4(a)(7)(A)(ii).

19        The time for filing a notice of appeal does not begin to run until judgment is
20   "entered" in compliance with Federal Rules of Civil Procedure 58 and 79(a).
21   *Vernon v. Heckler*, 811 F.2d 1274, 1276 (9th Cir. 1987) (explaining that a judgment
22   or order is not entered within the meaning of Rule 4(a) unless entered in
23   compliance with Rules 58 and 79(a), and that absent compliance a party ordinarily
24   will not be found to have exceeded the time limits set forth in Rule 4(a)); see also
25   *Allah v. Superior Court of State of Cal.*, 871 F.2d 887, 890 (9th Cir. 1989) ("The
26   period for filing a notice of appeal begins upon 'entry' of the judgment or order
27   appealed from.").

28

- 2 –
PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE
NOTICE OF APPEAL

2
3
4
5
6
7

Rule 4(a)(7)(A) incorporates these requirements: a judgment is "entered" when it is entered in the civil docket under Rule 79(a) and, when Rule 58 requires a separate document, when the judgment is set forth in a separate document. Fed. R. App. P. 4(a)(7)(A)(i)–(ii); Fed. R. Civ. P. 58(a), 79(a).  In *Corrigan v. Bargala*, the Ninth Circuit reiterated that an order entered in the docket (even if it contains facts and legal analysis) does not satisfy Rule 58's separate-document requirement. 140 F.3d 815, 818 (9th Cir. 1998) (citing Vernon, 811 F.2d at 1276).

8

### B.    Judgment Was Entered on November 17, 2025.

9
10
11
12
13
14
15
16

Here, the docket reflects that both the dismissal order (Dkt. 41) and separate judgment (Dkt. 42) were entered on November 17, 2025, even though they were filed on November 14, 2025. (Docket Report at 6 (showing "Entered: 11/17/2025" for Dkts. 41–42).) Counsel likewise received the CM/ECF Notices of Electronic Filing stating that the transactions for the Order and Judgment were entered on November 17, 2025. (Declaration of Vahan Mikayelyan in Support of Plaintiff's Reply Regarding Motion for Extension of Time to File Notice of Appeal ("Mikayelyan Reply Decl.") ¶¶ 3–4 & Ex. A.)

17

### C.    The Notice of Appeal Was Filed on Day 30.

18
19
20

Calculating 30 days from November 17, 2025, yields a deadline of **December 17, 2025**. Plaintiff filed the Notice of Appeal (Dkt. 43) on that exact date. *(See Docket Report, Dkt. 43, "Filed: 12/17/2025").*

21
22
23

Because the Notice of Appeal was filed within the statutory 30-day window, the "delay" referenced in the Motion is non-existent. The Court should find the Notice of Appeal timely and deny the Motion for Extension as moot.

24
25

## IV.    EVEN IF UNTIMELY, THE *PIONEER* FACTORS MANDATE RELIEF UNDER *PINCAY*

26
27
28

If the Court determines the deadline passed on December 15, 2025 (based on the November 14 termination date), the delay is merely **two days**.  Under the four-

- 3 –

factor test set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507
U.S. 380 (1993), and solidified by the Ninth Circuit in *Pincay*, relief is warranted.

Rule 4(a)(5) permits a district court to extend the time to file a notice of
appeal if the party moves "no later than 30 days after" the time prescribed by Rule
4(a) expires and shows "excusable neglect or good cause." Fed. R. App. P.
4(a)(5)(A). Any extension is capped at 30 days after the original deadline or 14
days after the order granting the motion, whichever is later. Fed. R. App. P.
4(a)(5)(C). Plaintiff's motion was filed promptly and seeks only a two-day
extension—well within Rule 4(a)(5)(C)'s limit. (Dkt. 44 at 2.)

Excusable neglect is an "elastic concept" requiring a case-specific, equitable
determination that considers "all relevant circumstances," including: (1) the danger
of prejudice to the nonmovant; (2) the length of delay and its potential impact on
judicial proceedings; (3) the reason for the delay, including whether it was within
the reasonable control of the movant; and (4) whether the movant acted in good
faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395
(1993). The Ninth Circuit has cautioned against "per se" rules and has held that
there should be "no rigid legal rule" that particular categories of negligence are
never excusable; the weighing of *Pioneer's* equitable factors is committed to the
district court's discretion in each case. *Pincay v. Andrews*, 389 F.3d 853, 859–60
(9th Cir. 2004) (en banc).

## 1.    Defendant Identifies No Cognizable Prejudice
(Pioneer Factor One).

Defendant does not identify any concrete prejudice caused by a two-day
delay. The ordinary consequences of appeal—continued litigation and the loss of a
"windfall" from an opponent's minor procedural mistake—are not cognizable
prejudice under *Pioneer*. See *Williams v. Lujan*, No. 15-cv-01731-JSC, 2018 WL
3861655, at *8 (N.D. Cal. Aug. 14, 2018); *Levy v. United States*, No. 18-cv-05663-

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE
NOTICE OF APPEAL

HSG, 2023 WL 5599608, at *3–4 (N.D. Cal. Aug. 28, 2023).

A two-day delay does not impair Defendant's ability to defend the judgment on appeal, does not affect evidence or witnesses, and does not disrupt any schedule in this Court. This factor weighs strongly in Plaintiff's favor.

### 2.    The Delay Was Minimal and Had No Impact on the Proceedings (Pioneer Factor Two).

The delay here is, at most, two days. Such a brief delay does not affect the Court's docket, does not delay any hearing, and does not implicate case-management concerns. Courts have found excusable neglect where the delay was substantially longer. See *Pincay*, 389 F.3d at 855–56 (notice of appeal 24 days late); *Salazar v. Select Portfolio Servicing, Inc.*, No. 1:25-cv-00264-DAD-EPG, 2025 WL 1424369, at *5–6 (E.D. Cal. May 16, 2025) (two-day delay from calendaring error; excusable neglect).

This factor favors relief.

### 3.    The Reason for the Delay Supports Relief When Considered in Context, and Defendant's Authorities Are Distinguishable (Pioneer Factor Three).

Counsel explains that the deadline was miscalendared based on an erroneous assumption that electronic service extended the deadline by two days—an error influenced by counsel's state-court practice during an unusually demanding trial-preparation period in a separate matter. (Mikayelyan Decl. ¶¶ 4–8.) Counsel filed the Notice of Appeal on December 17, 2025 and moved for a Rule 4(a)(5) extension two days later. (Id. ¶ 8.)

Defendant contends that calendaring mistakes and "mistakes of law" are categorically inexcusable. (Opp. at 3–4, 5–8.) Controlling authority rejects that position. The Supreme Court rejected "bright-line rules" that would categorically bar relief for neglect "attributable in any degree to the movant." *Pioneer*, 507 U.S.

at 395 & n.14. And the Ninth Circuit, sitting en banc, held that even a "misreading of a clear rule" may, depending on the equities, be excusable, and that the inquiry must be conducted case by case. *Pincay*, 389 F.3d at 860.

Defendant's principal Ninth Circuit authorities—*Kyle v. Campbell Soup Co.* and *In re Veritas Software Corp. Securities Litigation*—do not establish a categorical bar. *Kyle* involved a late request for attorney's fees under a local rule, and the Ninth Circuit held that the district court abused its discretion in granting relief on that record. 28 F.3d 928, 931–32 (9th Cir. 1994). *Kyle* reflects abuse-of-discretion review on its facts and does not mandate denial in all cases. Likewise, *Veritas* affirmed a denial of relief for an untimely fee motion, but emphasized that "this is a decision committed to the discretion of the district court" and that granting relief would also have been within that discretion. 496 F.3d 962, 974 (9th Cir. 2007).

Here, the equities that drove denial in *Kyle* and *Veritas* are absent. The delay is minimal; Plaintiff moved promptly; and Defendant identifies no cognizable prejudice. The third factor does not justify the harsh result Defendant seeks.

Moreover, Defendant's remaining cases are distinguishable and, in several instances, confirm that the Pioneer analysis is discretionary and context-specific.

a. *Cases Where Rule 4(a)(5) Relief Was Unavailable.*

Several authorities involve circumstances where Rule 4(a)(5) relief was unavailable because no timely motion was filed or the notice of appeal was outside the 30-day extension window. See, e.g., *Rosen v. Woods*, No. 23-15810, 2024 WL 2148736, at *1 (9th Cir. May 15, 2024) (unpublished) (untimely appeal; no extension obtained); *Nwafor v. United States*, No. CV 14-01596-DDP (VBKx), 2014 WL 6682626, at *1–2 (C.D. Cal. Nov. 25, 2014) (notice more than a year late); *Gonzales v. Regents of Univ. of Cal.*, No. 2:23-cv-04755-JGB (MAAx), 2024 WL 5424396, at *1 (C.D. Cal. July 30, 2024) (Rule 4(a)(5) motion filed 31 days after deadline); *Melendres v. Maricopa Cnty.*, 815 F.3d 645, 648 (9th Cir. 2016)

- 6 –

(jurisdictional nature of timely notice of appeal).

       *b.*    <u>*Cases Involving Different Procedural Contexts, Longer Delays, or Repeated Noncompliance*</u>.

Many cases involve Rule 60(b), local-rule deadlines, class-certification deadlines, or fee motions, and far longer delays or repeated noncompliance—features not present here. See, e.g., *Zapler v. Ford Motor Co.*, No. 2:23-cv-07394-MWF-JDE, 2025 WL 1543604, at *4 (C.D. Cal. Feb. 4, 2025) (73-day delay in fee motion); *De Leon v. Ford Motor Co.*, No. CV 19-7000 PSG (GJSx), 2020 WL 5118071, at *2–3 (C.D. Cal. June 15, 2020) (months-long delay); *Robertson v. FedEx Nat'l LTL, Inc.*, No. CV 08-6346 PSG (JCx), 2010 WL 10020690, at *4 (C.D. Cal. Jan. 5, 2010) (class certification deadline); *Deleon v. Denny's Inc.*, No. CV 18-7975 PSG (FFMx), 2020 WL 4873868, at *3–4 (C.D. Cal. July 22, 2020) (class certification deadline missed by months); *Lee v. Ecclesia, LLC*, No. 2:17-cv-03303-ODW (AFMx), 2020 WL 4596950, at *2–3 (C.D. Cal. Aug. 11, 2020) (Rule 60(b) motion filed a year later); *Levy*, 2023 WL 5599608, at *5–7 (Rule 60(b) motion; multiple missed deadlines); *Medina v. Wells Fargo Bank, N.A.*, No. CV 15-02919 ODW (E), 2016 WL 2944295, at *2 (C.D. Cal. May 20, 2016) (Rule 60(b) relief denied where counsel "simply did not calendar" deadline); *Davis v. Johnson*, No. CIV S-06-2029 MCE DAD, 2007 WL 1834846, at *2 (E.D. Cal. June 26, 2007) (failure to oppose summary judgment); *Khan v. Seton*, No. CV 19-10140-FWS-RAO, 2021 WL 8918566, at *1–3 (C.D. Cal. Dec. 7, 2021) (Rule 60(b) relief denied where failure to timely serve and prosecute was within counsel's control); *Strategic Executives Agency, LLC v. Avalere Health, LLC*, No. CV 18-10459-AB (ADSx), 2020 WL 4354228, at *10 (C.D. Cal. May 29, 2020) (sanctions based on repeated noncompliance).

       *c.*    <u>*Cases Involving Misconduct or Unusual Facts*</u>.

*Indie Caps LLC v. Ackerman* involved repeated missed deadlines and conduct the court described as "suspicious," including signing opposing counsel's

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE
NOTICE OF APPEAL

name to a stipulation without permission. 2024 WL 2300549, at *2–4. *Advocates for Individuals with Disabilities, LLC v. MidFirst Bank* reflects a history of sanctionable conduct by counsel in related cases. 2018 WL 3545291, at *1–3 (D. Ariz. July 24, 2018).

       d.    <u>Nonprecedential, Criminal, or Pre-Pioneer Authorities</u>.

Defendant also cites nonprecedential dispositions and criminal cases that do not govern this civil Rule 4(a)(5) motion. See, e.g., *Laskay v. New Line Cinema Corp.*, 230 F.3d 1367 (9th Cir. 2000) (table) (unpublished); *United States v. Avendano-Camacho*, 786 F.2d 1392 (9th Cir. 1986) (criminal); *United States v. Prairie Pharmacy, Inc.*, 921 F.2d 211 (9th Cir. 1990) (criminal); *Smith v. United States*, 425 F.2d 173, 175 (9th Cir. 1970) (criminal).

       e.    <u>Authorities Supporting Relief</u>.

Defendant's own cited authorities confirm that short delays with no prejudice can warrant relief. Williams granted Rule 4(a)(5) relief and deemed a notice of appeal timely where the delay was a few days and the *Pioneer* factors favored relief. 2018 WL 3861655, at *7–9. *Betts* likewise recommended granting a Rule 4(a)(5) extension where the equities supported relief. 2025 WL 1477092, at *2.

In short, Defendant's authorities do not compel denial of a two-day extension in this case.

### 4.    Plaintiff Acted in Good Faith and Promptly Sought to Cure Any Potential Defect (Pioneer Factor Four).

There is no suggestion of bad faith. Plaintiff filed the Notice of Appeal on December 17, 2025 and moved for relief two days later. (Mikayelyan Decl. ¶ 8.) Courts routinely treat such prompt action as evidence of good faith. See *Salazar*, 2025 WL 1424369, at *6. This factor favors relief.

### 5.    Balancing the Pioneer Factors, the Court Should Grant the Requested Two-Day Extension.

Taken together, the *Pioneer* factors support relief. The danger of prejudice is nonexistent; the delay was trivial; Plaintiff acted in good faith and moved promptly; and the reason for delay reflects, at most, a brief human error. Denying relief would impose the harsh, jurisdictional consequence of forfeiting appellate review based on a minor calendaring mistake—an outcome inconsistent with the equitable approach endorsed in *Pioneer* and *Pincay*.

Even decisions denying relief in other contexts recognize that no per se rule applies and that the equities control. See, e.g., *Galfayan v. State Farm Gen. Ins. Co.*, No. 2:24-cv-06784-JAK-PLA, 2024 WL 5317267, at *2–4 (C.D. Cal. Apr. 23, 2024) (denying relief on distinct facts but acknowledging the equitable, discretionary framework); *D & S Family Preservation Tr. v. United States*, 2 F. Supp. 2d 1320, 1324 (D. Or. 1998) (pre-Pincay decision denying relief where counsel offered only miscalendaring).  Here, where the delay is only two days and the other Pioneer factors decisively favor Plaintiff, the Court should grant the limited extension requested.

## V.    CONCLUSION

The Court's own docket shows Judgment was entered on November 17, 2025. Consequently, the Notice of Appeal filed on December 17, 2025, was timely, and no extension is required.

Alternatively, under the binding authority of *Pincay v. Andrews*, the *Pioneer* factors overwhelmingly favor Plaintiff. The delay was trivial (two days), caused no prejudice to Defendant, and resulted from a good-faith calendaring error. Plaintiff respectfully requests the Court grant the Motion or deem the Notice of Appeal timely filed.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL

2

Dated: January 12, 2026

HAFFNER LAW PC

3

4

By: */s/ Vahan Mikayelyan*

5

Joshua H. Haffner
Alfredo Torrijos
Vahan Mikayelyan

6

7

*Attorney for Plaintiff Jose Luis Hernandez*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff Luis Hernandez certifies that this brief contains 2,706 words, which complies with the word limit of L.R. 11-6.1.

Executed on January 12, 2026.


Dated: January 12, 2026                          */s/ Vahan Mikayelyan*

                                                        Vahan Mikayelyan

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE
NOTICE OF APPEAL

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system on January 12, 2026. I further certify that all participants in the case are registered CM/ ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct.


Dated: January 12, 2026                     */s/ Vahan Mikayelyan*

                                            Vahan Mikayelyan

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE
NOTICE OF APPEAL